UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------x

UNITED STATES OF AMERICA,               :

      -against-                              :        11 Cr. 31 (KAM)

NEIL MESSINA, et al.,                            :

               Defendants.              :

--------------------------------------------------------x

# DEFENDANT NEIL MESSINA'S
# MEMORANDUM OF LAW IN SUPPORT
# OF MAGISTRATE'S DECISION SETTING BAIL

Gerald J. McMahon, Esq.
*Attorney for Defendant Neil Messina*
The Standard Oil Building
26 Broadway, 18th Floor
New York, New York 10004

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x

UNITED STATES OF AMERICA,          :

      -against-                                    :          11 Cr. 31 (KAM)

NEIL MESSINA, et al.,                         :

             Defendants.            :

-------------------------------------------------------x

## DEFENDANT NEIL MESSINA'S MEMORANDUM OF LAW IN SUPPORT OF MAGISTRATE'S DECISION SETTING BAIL

### Introduction

Following a exhaustive two hour detention hearing on February 16, 2011, Magistrate Judge Robert M. Levy determined that bail should be set for defendant Neil Messina in the form of a $3.1 million personal recognizance bond, fully secured by cash and property, with five financially responsible co-signers, house arrest, electronic monitoring, strict pretrial supervision, random house visits and drug testing, travel restrictions and surrender of passport. The government's attempt to overturn that well-reasoned decision should be rejected.

A. General Legal Principles

The Eighth Amendment to the United States Constitution states that [e]xcessive bail shall not be required. U.S. Const. amend. VIII. In accordance with this mandate, the Bail Reform Act of 1984, 18 U.S.C. § 3141 *et seq*. (hereinafter the Act), requires a defendant's release pending trial "unless the judicial officer determines that such release will not reasonably assure the appearance of the person as required or will endanger the safety of any other person or community." 18 U.S.C. § 3142(b); see also *United States v. Sabhnani*, 493 F.3d 63,74-75 (2d Cir. 2007). "Because the law generally favors bail release, the [G]overnment carries a dual burden in seeking pre-trial detention." *Sabhnani,* 493 F.3d at 75. First, the Government must show by clear and convincing evidence the defendant is dangerous to another person or the community. If it satisfies this first requirement, the Government must then demonstrate that no condition or combination of conditions could reasonably assure the community's safety. 18 U.S.C. § 3142(f). See also *United States v. Dillard,* 214 F.3d 88, 91 (2d Cir. 2000).

Upon enactment, the Bail Reform Act reflected recognition by Congress that "there was a *small* but identifiable group *of particularly dangerous defendants* as to whom neither the imposition of stringent release conditions nor the prospect of revocation of release can reasonably assure the safety of the community." *United States* v. *Chimurenga,* 760 F.2d 400, 403 (2d Cir. 1985) citing *Senate Report* (emphasis added). Case law supports the prevailing view that "it is only a limited group of offenders who should be denied bail pending trial."

2

*Sabhnani,* 493 F.3d at 75 (internal quotations omitted). <u>See also</u> *United States* v. *Shakur,* 817 F.2d 189, 195 (2d Cir. 1987).

To find danger by clear and convincing evidence requires proof that "the evidence supports such a conclusion with a high degree of certainty." *Chimurenga* at 405. Only where there is a strong probability that a person will commit additional crimes if released may the need to protect the community become sufficiently compelling that detention is, on balance, appropriate. *United States v. Colombo*, 777 F.2d 96, 98-99 (2d Cir. 1985). This heightened standard of proof was required because of the "mportance of the interests of the defendant which are implicated in a pretrial detention hearing." *United States* v. *DiGiacomo,* 746 F.Supp. 1176, 1181 (D. Mass. 1990).

Moreover, courts are not permitted to detain a defendant by arbitrarily crediting an unpersuasive government proffer over an unsubstantiated proffer of denial by the defendant. *United States* v. *Defede,* 7 F.Supp.2d 390, 394 (S.D.N.Y. 1998). "Detention determinations must be made individually and, in the final analysis, must be based on the evidence which is before the court regarding the particular defendant." *United States* v. *Tortora,* 922 F.2d 880, 888 (1st Cir. 1990).  Lastly, where release on an appearance bond is not sufficient, the court shall order pretrial release "subject to the least restrictive further condition, or combination of conditions, that [the court] determines will reasonably assure the appearance of the person as required and the safety of any other person and the community." *Untied States* v. *Gotti,* 358 F.Supp.2d 280, 282 (S.D.N.Y. 2005) <u>citing</u> 18 U.S.C.§ 1342(c)(l)(B).

Under 18 U.S.C.§ 3142(g), the Court must take into account the following information when determining the degree of danger to the community and whether there are conditions of release that will reasonably assure its safety:

> (1) The nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1591, a Federal crime of terrorism, or involves a minor;
>
> (2) The weight of the evidence against the person;
>
> (3) The history and characteristics of the person, including --
>
> (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
>
> (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and
>
> (4) The nature and seriousness of the danger to any person or the community that would be posed by the person's release ....

See 18 U.S.C.§ 3142(g).

Finally, the negative impact that detention has on a defendant's ability to defend against criminal charges cannot be overstated. In this case, where there are hundreds of hours of audio recordings and crimes that occurred almost two decades ago, it will be extremely difficult, if not impossible, for counsel to provide effective representation if the Magistrate's bail decision is overturned and detention ordered. See e.g. *Stack v. Boyle*, 342 U.S. 1, 4

(1951) (the "traditional right to freedom before conviction permits the unhampered preparation of a defense ...").

B. <u>The Cases Cited by the Government Are Distinguishable</u>

In its letter brief in opposition to the Magistrate's bail decision, the government argues that organized crime defendants are properly – and routinely – denied bail. Letter Brief, dated February 23, 2011, docket # 35 ("Govt Letter Brief"), at 5-8. Notably however, all of the defendants cited in the government's brief were alleged to be bosses, acting bosses, captains or soldiers in La Cosa Nostra families. Here, the government alleges that Neil Messina is simply an associate of the Bonnano Family.

Conversely, the number of organized crime defendants, for whom the government has sought detention and whom courts have released on bail, is legion. Two examples of released defendants charged with murder (both represented by the undersigned) are:

- *United States v. Onofrio Modica*, 09 Cr. 1243 (SDNY), Judge Lewis Kaplan releases alleged Gambino soldier on $2 million bond, despite charge of 1987 double murder;

- *United States v. Carmine Polito*, 02 Cr. ___ (EDNY), Judge I. Leo Glasser affirms Magistrate's decision granting release on $2 million bond for alleged Genovese associate charged with murder in aid of racketeering and facing the death penalty.

Other noteworthy alleged organized crime defendants, who were released on bail despite government requests for detention, include Stephen Caracappa & Louis Eppolito ("the Mafia cops"), John "Sonny" Franzese, Vincent "the Chin" Gigante, Anthony Spero, Salvatore Vitale, John "Jackie" DeRoss, James "Jimmy Brown" Failla, John Gotti, Jr., Richard Gotti,

5

Sr., and Thomas Gambino, to name but a few. In short, there is nothing talismanic about an "organized crime" case which requires the denial of reasonable bail.

C. The Weight of the Evidence Factor Heavily Supports Release on Bail

With respect to the murder charge, the Magistrate made the following findings:

> The seriousness of the murder charge is obvious. The fact that the defendant was not present and didn't carry the weapon I think is something that the Court can consider. ... Evidence of the defendant's guilt, we've had a lot of evidence back and forth on that. There is some contradiction as to what's actually in that CD and what was said.

Detention Hearing Transcript ("Tr."), at 75. In point of fact, the government's evidence on the murder charge is extremely weak. In their proffer, the prosecution claims that Messina, "CC-1", and others, committed a serious of home invasions in "the early 1990s." Govt Letter Brief, at 2. Supposedly, on August 17, 1992, a planned home invasion robbery went "bad" and a co-conspirator of defendant killed Joseph Pistone. Id. "CC-1", whom the defense believes is "Nicky Lanza", has been a cooperating government witness for at least five or six years. The fact that Mr. Messina was indicted for this murder two weeks ago strongly suggests that either CC-1 suddenly remembered defendant's alleged participation – 19 years after the fact – or the government didn't believe him. Recognizing the inherent weakness of its case, the government sent an informant ("CW 1") to Messina to see if they could get an admission to the murder on tape. What they got, according to the government, was defendant saying that he had done some "bad things" with CC-1 in the past; hardly a "smoking gun" as the government tries to claim.

6

To bolster their argument that Messina is a danger to the community, the government cites audio recordings where the defendant allegedly discusses the fact that he has had access to firearms and talked about giving someone a beating to collect a debt. Govt Letter Brief, at 3-4. Significantly, the government doesn't claim that Messina ever used a gun, or sold a gun, or ever gave anyone a beating. The adage, "talk is cheap", has always been true, and never more so than in this case.

Finally, the government argues that Messina should be denied bail because he supposedly engaged in an act of domestic violence on his girlfriend. Magistrate Judge Levy addressed that allegation in his decision:

> The Court's also cognizant of the domestic violence allegations and aware that domestic violence is a very complicated matter and that it would take more than what we have done here today to get to the bottom of what's truly going on, but I do think the fact that they are still together and that [girlfriend] is here in court does go somewhat toward predictions of future violence.

Tr. 75-76.

D. <u>The Bail Conditions Set by the Magistrate are More than Sufficient</u>

As a condition of bail, Magistrate Levy required the defendant's elderly parents (who were in court and were questioned by the Magistrate) to secure the $3.1 million bond with their entire life savings, to wit: approximately $1 million in stocks and cash, and approximately $1 million in equity in real property. Additionally, defendant's brother (who was also in court and questioned by the Magistrate) was required to pledge his home to secure the bond. In addition to those financial conditions, the Magistrate determined that

7

Messina would be under house arrest with electronic monitoring, and subject to random visits and drug testing. By any standard, the bail conditions set by the Magistrate are significant, if not onerous. They unquestionably "will reasonably assure the appearance [of defendant] as required and the safety of any other person and the community." See 18 U.S.C. § 3142(e), *United States v. Friedman*, 837 F.2d 48, 49 (2d Cir. 1988).

### Conclusion

The Magistrate's decision setting bail should be affirmed.

Dated: New York, New York
February 28, 2011

/s/   *Gerald J. McMahon*
Gerald J. McMahon, Esq.
*Attorney for Defendant Neil Messina*
The Standard Oil Building
26 Broadway, 18th Floor
New York, New York 10004
212.797.1877
gm@geraldjmcmahon.com

To:   All Counsel
(By ECF)

doc508

8