EAG/AL
F.#2010R00153

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

   - against -                         11 CR 31 (KAM)

NEIL MESSINA, et al.,

        Defendants.

- - - - - - - - - - - - - - - X


MEMORANDUM OF LAW
IN OPPOSITION TO THE DEFENDANT MESSINA'S MOTION
<u>TO HAVE THIS CASE RANDOMLY ASSIGNED</u>


                                            LORETTA E. LYNCH
                                            United States Attorney
                                            Eastern District of New York
                                            271 Cadman Plaza East
                                            Brooklyn, New York  11201


ELIZABETH A. GEDDES
JAMES D. GATTA
ALLON LIFSHITZ
Assistant United States Attorneys
    (Of Counsel)

<u>Table of Contents</u>

PRELIMINARY STATEMENT.. . . . . . . . . . . . . . . . . . . . . . 1

BACKGROUND. . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

DISCUSSION. . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

I.   Legal Standard.. . . . . . . . . . . . . . . . . . . . . . . 3

II.  Application. . . . . . . . . . . . . . . . . . . . . . . . . 6

     A.   This Case Is Related to <u>Russo</u>.. . . . . . . . . . . . . 6

     B.   The Government Followed the
          Procedures Governing Relation.. . . . . . . . . . . . . 8

          1.   The Relation Letter
               Was Properly Filed.. . . . . . . . . . . . . . . . 9

          2.   The Relation Letter
               Was Properly Certified.. . . . . . . . . . . . . 10

          3.   A Procedural Flaw Is Not
               a Basis For Reassignment.. . . . . . . . . . . . 11

CONCLUSION. . . . . . . . . . . . . . . . . . . . . . . . . . . 14

i

<u>PRELIMINARY STATEMENT</u>

The defendant Neil Messina (the "defendant") moves to have this case returned to the Clerk of the Court for random reassignment.  However, this case is related to an earlier-filed case that is pending before Your Honor, and this case was therefore properly assigned to Your Honor.  In addition, all procedural requirements governing relation have been satisfied.  Therefore, there is no basis for reassigning this case, and the government respectfully asks the Court to deny the defendant's motion.

<u>BACKGROUND</u>

On March 3, 2010, a grand jury returned an indictment in <u>United States v. Bombino, et al.</u>, 10 CR 147 (SLT) ("<u>Bombino</u>").  <u>Bombino</u> was randomly assigned to the Honorable Sandra L. Townes, United States District Judge.  One of the defendants charged in <u>Bombino</u> was Theodore Persico, Jr. ("Persico").

On January 11, 2011, a grand jury returned an indictment in <u>United States v. Russo, et al.</u>, 11 CR 30 (SLT) ("<u>Russo</u>").  The <u>Russo</u> indictment charges thirty-nine defendants, including Persico. (<u>Russo</u>, Docket Entry No. 1.)  The government therefore filed a letter certifying that relation to <u>Bombino</u> was appropriate under Local Criminal Rule 50.3(c)(B), which provides for automatic relation when more than one indictment is filed

1

against the same defendant.  (Russo, Docket Entry No. 1-2.) Russo was then assigned to Your Honor.

Also on January 11, 2011, a grand jury returned an indictment in this case ("Messina").  In the Messina indictment, the defendant and two co-defendants are charged with, inter alia, conspiring to use extortionate means to collect a debt from John Doe #1.  (Count One (Racketeering Act Two) and Count Two.)  That same conspiracy was also charged in Russo against the defendant Joseph Savarese.[1]  (Count Two (Racketeering Act Ten) and Count Thirty-Four.)

On February 3, 2011, the defendant filed a motion challenging the relation of this case to Russo and the assignment of this case to Judge Townes.  (Messina, Docket Entry No. 26 ("Def.'s Feb. 3, 2011 Ltr.").)  On February 7, 2011, the government responded.  (Messina, Docket Entry No. 28.)  On February 9, 2011, Russo filed a brief in further support of his motion.  (Messina, Docket Entry No. 29 ("Def.'s Feb. 9, 2011 Br.").)

On February 11, 2011, certain defendants in Russo filed a motion challenging the relation of Russo to Bombino and the assignment of Russo to Judge Townes, and asking that Russo be randomly reassigned to a different District Judge.  (Russo,

---

[1]  The victim of this conspiracy is identified as John Doe #1 in Messina and as John Doe #21 in Russo.

Docket Entry No. 230.)  On February 16, 2011, the government responded.  (Russo, Docket Entry No. 242.)

On February 17, 2011, Judge Townes found that Russo was related to Bombino, but exercised the Court's discretion to declined the assignment of Russo.  Judge Townes therefore ordered the Clerk of Court to reassign Russo, Messina and a third related case, United States v. Balzano, et al., 11 CR 32 (KAM), as a group.  (Russo, Docket Entry dated Feb. 17, 2011.)  Later that same day, all three cases were assigned to Your Honor.  (Russo, Docket Entry dated Feb. 17, 2011.)

On February 25, 2011, the Court directed the defendant to notify the Court whether he still wished the Court to consider his motion objecting to the assignment of this case as related to Russo.  (Messina, Docket Entry dated Feb. 25, 2011.)  On March 2, 2011, the defendant responded in the affirmative.  (Messina, Docket Entry No. 47.)

## DISCUSSION

I.  Legal Standard

The rules governing the assignment and relation of cases are set forth in the Eastern District of New York's Guidelines for the Division of Business Among District Judges ("Guidelines").  The Guidelines provide that, in general, new cases are to be randomly assigned to an active District Judge.  Local Rule 50.2(b).  However, the Guidelines treat related cases

3

differently: "Related cases shall be assigned by the clerk to the judge to whom was assigned the case with the lowest docket number in the series of cases." Local Rule 50.3(e).

Under the Guidelines, criminal cases are "related" when they fall into one of three enumerated categories. Local Rule 50.3(c)(B). Criminal cases outside the enumerated categories can also be deemed related, but will be so deemed:

> [O]nly upon written application by a party . . . to the judge presiding over the earlier assigned case. The application will be granted only if <u>a substantial saving of judicial resources is likely to result from assigning both cases to the same judge</u>, or is otherwise in the interest of justice.

Local Rule 50.3(c) (emphasis added).

On February 27, 2008, Chief Judge Dearie issued an Administrative Order setting forth procedures that govern applications under Local Rule 50.3(c). <u>See</u> <u>In re: Assignment of Criminal Cases</u>, Administrative Order 2008-04, dated February 27, 2008 (the "Administrative Order"). The Administrative Order directs the Clerk of Court to assign cases randomly "unless the United States Attorney certifies in writing at the time of filing that a case to be assigned satisfies one of the three conditions in Rule 50.3(c), <u>or involves the same specific conduct that is a subject of a pending case</u>" (emphasis added).

It is well established that the Local Rules governing the assignment and relation of cases are administrative in

4

nature, and that they do not confer due process rights or any other rights on parties. United States v. Davila-Bajana, 172 F.3d 38, 1998 WL 964193, at *1 (2d Cir. Feb. 1, 1998) (citing approvingly the preamble to the Local Rules, which provides that they "are adopted for the internal management of the case load of the court and shall not be deemed to vest any rights in litigants or their attorneys") (summary order) (unpublished opinion); United States v. Agate, 08 CR 76 (NGG), 2008 WL 699513, at *1 (E.D.N.Y. Mar. 13, 1998) ("[T]he court wishes to emphasize that Rule 50.3 and the other Local Rules . . . do not create any enforceable due process rights for defendants whose cases are subjected to the relation rule."); United States v. Schwamborn, 468 F. Supp. 2d 425, 426 (E.D.N.Y. 2007) (Glasser, J.) ("Rule 50.3(c) does not provide an enforceable right, and [the defendant's] due process rights were not violated" by the government failure to identify the defendant's case as related to another).

More specifically, the Local Rules are "not intended to give the parties a right to litigate where a particular case will be tried, but merely to provide the guidelines by which the Eastern District administratively handles and assigns its cases." United States v. Garces, 849 F. Supp. 852, 860-61 (E.D.N.Y. 1994).

5

II.  Application

    A.  This Case Is Related to Russo

Because the indictments in Russo and this case both charge the conspiracy to use extortionate means to collect a debt from John Doe #1, a substantial saving of judicial resources is likely to result from assigning both cases to the same judge.  In addition, and for the same reason, this case involves the same specific conduct that is a subject of a pending case, i.e., Russo.  Therefore, according to the plain text of both Local Rule 50.3(c) and the Administrative Order, this case is related to Russo.[2]

The defendant's sole argument on the merits -- i.e., as to whether this case and Russo are related under the applicable rules -- is that Russo was not a "pending" case under the Administrative Order because it was filed the same day as Messina.  (Def.'s Feb. 3, 2011 Ltr. at 2; Def.'s Feb. 9, 2011 Br. at 9.)  However, the defendant concedes that no rule or case suggests that a case must be pending for any particular amount of time before it is deemed "pending" for the purpose of relation, and no such rule or case exists.  (Def.'s Feb. 9, 2011 Br. at 9.)  Moreover, such a rule, which would require that this case be

---

    [2]  As a result, as set forth below, it was the duty of the Office of the United States Attorney to so notify the Court, Local Rule 50.3(d), and the duty of the Clerk of the Court to assign the case to Your Honor, Local Rule 50.3(e).

6

randomly assigned, would be contrary to the purpose of the rules governing assignment and relation: to conserve judicial resources.  See Local Rule 50.3(a) (defining cases as "related" when "a substantial saving of judicial resources is likely to result from assigning both cases to the same judge and magistrate judge").  In addition, even if there were a rule prescribing how much time must pass before a case were deemed "pending," the government could have easily complied with that rule by simply waiting the prescribed amount of time (whatever that would be) before filing this case.

     In any event, if the government had proceeded as the defendant would have preferred, this case would still have been assigned to Your Honor.  In particular, the defendant argues that the government acted improperly by "[s]plitting [o]ne [c]rime" and "[c]harging it in [t]wo [i]ndictments."  (Def.'s Feb. 3, 2011 Ltr. at 2.)  The alternative would have been to join the defendants and charges in Messina with those in Russo.  Of

7

course, if that had been done, the defendant's case would still have been assigned to Your Honor.[3]

### B. The Government Followed the Procedures Governing Relation

When the government indicts a case that is related to an existing case, the government is obligated to inform the Court and defendants of this relation. In fact, according to the Local Rules, "[e]ach attorney in a case has on ongoing duty to advise the clerk in writing upon learning of any facts indicating that his or her case may be related to another pending case." Local Rule 50.3(d). In filing its relation letter in this case, the government has simply satisfied this obligation, and it has done so in accordance with the relevant procedural rules.

In particular, on January 11, 2011, the government presented the indictment in this case to a Grand Jury. The Grand Jury issued a true bill, and, the next day, the government

---

[3] To the extent that the government is alleged to have "split" one charge for any improper purpose, the government respectfully notes that the two cases at issue target different overall conspiracies. In Russo, the government has charged thirty-nine defendants, most of whom are members or associates of the Colombo organized crime family. In Messina, by contrast, the government has charged three associates of the Bonanno organized crime family and one associate of the Genovese organized crime family. Moreover, there is no requirement that such cases be joined. See Fed. Rule Crim. P. 8(b) ("The indictment or information may charge 2 or more defendants if they are alleged to have participated in the same act or transaction[.]") (emphasis added).

8

submitted the indictment and relation letter to the Clerk of Court.[4]

       1.   <u>The Relation Letter Was Properly Filed</u>

The defendant argues that the relation of this case to <u>Russo</u> was procedurally flawed because:

> On January 11, 2011, the day <u>before</u> the indictments [in <u>Russo</u> and this case] were returned and sent to the Clerk's Office for filing, two Assistant United States Attorneys . . . hand-delivered, <u>ex parte</u>, a letter to District Judge Townes stating that the <u>Russo</u> indictment would not be randomly assigned to a district judge but rather assigned to Judge Townes[.] . . . That same date, the two Assistant United States Attorneys hand-delivered, <u>ex parte</u>, another letter to Judge Townes stating that the <u>Messina</u> indictment would not be randomly assigned, and that it also would be assigned to Judge Townes, because it charges the "same conduct" as is charged in a "pending" indictment, to wit: the <u>Russo</u> indictment.

(Def.'s Feb. 9, 2011 Br. at 2-3 (emphasis in original).)

This argument is wrong as a simple matter of fact. The government proffers that it submitted the indictment and relation letter in <u>Russo</u> to the Clerk of Court simultaneously, not on separate days, and that it filed them as soon as possible after the <u>Russo</u> indictment was returned by the Grand Jury. The government also submitted the indictment and relation letter in this case to the Clerk of Court simultaneously, and not on

---

    [4]   Because the indictment was returned after 5:00 p.m. on January 11, 2011, the office of the Clerk of Court was not open for immediate filing of the indictment and relation letter.

9

separate days, as soon as possible after the indictment in this case was returned by the Grand Jury. There is no basis for any assertion to the contrary. In addition, it is not even clear what benefit the government might have gained by filing either relation letter a day before the associated indictment, and the defendant has not suggested any motive for doing so or explained why it would have been wrong to do so.

There is also no basis for suggesting that the relation letters in Russo and this case were nefarious "ex parte" submissions -- a suggestion that is misleading at best. The relation letters were initially filed under seal simply because they described sealed indictments that charged defendants who had not yet been arrested. On January 20, 2011, the arrests occurred, and the indictments and relation letters were unsealed and placed on the public docket. It is clear based on these facts -- as well as the face of the relation letters, which copy all defense counsel -- that the relation letters were never intended to be an ex parte submission except to the extent necessary to effectuate arrests.

2. The Relation Letter Was Properly Certified

The defendant also argues that relation is procedurally flawed because the relation letter was not personally signed by the United States Attorney. (Defs.' Feb. 9, 2011 Br. at 3-5.) However, while the Administrative Order directs the United States

Attorney to certify the grounds for relation, there is nothing in the order that prohibits the United States Attorney from delegating that responsibility to members of her executive staff, which she has elected to do. In particular, the government proffers that the United States Attorney has delegated the authority to approve certifications filed pursuant to the Administrative Order to the following: the Executive Assistant U.S. Attorney, the Chief of the Criminal Division and the Deputy Chiefs of the Criminal Division. That delegation satisfies the Administrative Order by ensuring that the Office's approach to relation is consistent, careful and compliant with the Office's duties and obligations.

Moreover, this is not the situation implied by the defendant -- a line prosecutor seeking to improperly relate criminal matters. To the contrary, the government's certification was signed by the Deputy Chief of the Criminal Division, as well as an Assistant United States Attorney, in compliance with the standard operating procedure of the Office, as designated by the United States Attorney. Therefore, the defendants' claim of defect is without merit.

3. <u>A Procedural Flaw Is Not a Basis For Reassignment</u>

Although the government submits that all relevant procedural requirements have been satisfied, in the event the Court finds a procedural flaw, the government respectfully

11

submits that a procedural flaw is no basis for reassignment. First, as noted above, the Local Rules were "not intended to give the parties a right to litigate where a particular case will be tried, but merely to provide the guidelines by which the Eastern District administratively handles and assigns its cases." Garces, 849 F. Supp. at 860-61.  In fact, the Local Rules do not create any enforceable rights at all.  Davila-Bajana, 1998 WL 964193, at *1; Agate, 2008 WL 699513, at *1; Schwamborn, 468 F. Supp. 2d at 426.  Therefore, there is simply no basis for the unusual relief the defendant seeks, i.e., to have this case randomly reassigned to another District Judge even though it charges a conspiracy that is also charged in a case pending before Your Honor.

Second, a procedural flaw in relating cases can usually be easily cured, and curing a procedural flaw is preferable to reassigning an otherwise properly related case.  For example, in Agate, the defendants opposed relation, arguing, inter alia, that they did not received proper notice of the government's relation certification.  The court rejected that argument as excessively formalistic:

> [E]ven if the government procedurally erred under Local Rule 50.3(c) by failing to give Defendants notice of its intention to relate the case, such a procedural mistake is of no consequence, as Defendants have been properly placed on notice at this time regarding the

>    government's relation request and have been
>    given an opportunity to respond.

Agate at *2.

Similarly, in the cases the defendant himself cites as support for his argument that the United States Attorney should have personally signed the relation letter in this case, the courts did not reject otherwise-proper filings.  Instead, they recognized that the United States Attorney may delegate his or her authority, and they directed the government to offer information about who had been delegated such authority.  See United States v. Weyhrauch, 544 F.3d 969, 975 (9th Cir. 2008); United States v. Wallace, 213 F.3d 1216, 1218-19 (9th Cir. 2000).[5]

The defendant has clearly had ample time and opportunity to be heard as to the merits of relation, and the government has now explained to whom the United States Attorney has delegated the authority to certify that cases are related.  This motion should therefore be decided on the merits.

---

[5]    In the only other case cited by the defendant as to this argument, a line Assistant United States Attorney signed a certification without any direct involvement or delegation by the United States Attorney.  United States v, Male Juvenile, 148 F.3d 468, 471-72 (5th Cir. 1998).  In this case, by contrast, the relation letter was signed by a Deputy Chief of the Criminal Division who, as noted above, has been specifically authorized by the United States Attorney to sign such certifications.

13

CONCLUSION

For the reasons set forth above, the government respectfully asks the Court to deny the defendant's motion to have this case reassigned to a different District Judge.

Dated:   Brooklyn, New York
         March 2, 2011

                                      Respectfully submitted,

                                      LORETTA E. LYNCH
                                      United States Attorney

                        By:       /s/
                             Elizabeth A. Geddes
                             James D. Gatta
                             Allon Lifshitz
                             Assistant U.S. Attorneys
                             (718) 254-6430/6356/6164

cc:  Clerk of Court (KAM) (by ECF)
     All Counsel (by ECF)