GERALD J. McMAHON

ATTORNEY AT LAW

THE STANDARD OIL BUILDING

26 BROADWAY, 18TH FLOOR

NEW YORK, NEW YORK 10004

(212) 797-1877 (TEL)

(212) 797-1419 (FAX)

gm@geraldjmcmahon.com (E-MAIL)

WEBSITE

www.geraldjmcmahon.com

LEGAL ASSISTANT

Cassandra Lapal Williams

March 10, 2011

By ECF & Hand

The Honorable Kiyo A. Matsumoto
United States District Judge
United States Courthouse
225 Cadman Plaza East
Brooklyn, New York 11201

> Re: United States v. Neil Messina, et al.
>     11 Cr. 31 (KAM)

Dear Judge Matsumoto:

I write on behalf of defendant Neil Messina to request a slight modification of the bail conditions set by Magistrate Judge Levy on February 16, 2011, and substantially affirmed by this Court on March 4, 2011.

In essence, the "$3.1 million bond, secured by five properties pursuant to applicable state law, and signed by five suretors" (Order entered ECF by the Court on March 8, 2011), has three components:

a. John & Antoinette Messina (defendant's parents): signed $3.1 million dollar bond; will file confessions of judgment in amount of $3.1 million against 3 properties with equity of approximately $941,000; represented to Magistrate Judge Levy under oath that they have cash and securities in excess of $1 million;

b. Maryann Cafaro (friend of defendant and girlfriend): signed $3.1 million dollar bond; will file, with her two business partners, confession of judgment in the amount of $1 million representing the equity they have in the business property they own in Rockland County, New York;

c. John Messina (defendant's brother): signed $3.1 million bond; was to file confession of judgment in the amount of $200,000 against house in Colts Neck, New Jersey, jointly owned with wife, Gina, who was also to sign the confession.

GERALD J. McMAHON

The Honorable Kiyo A. Matsumoto
United States District Judge
March 10, 2011
Page Two

The bond amount of $3.1 million was arrived at by totaling 1) the equity in the real estate: $941,000 (parents), $1 million (Maryann Cafaro & partners), $200,000 (John Messina, Jr. and wife), and 2) the cash and securities of parents John and Antoinette Messina ($1 million plus).

The proposed modification is the following: substitute, for the $200,000 in equity in defendant's brother's home, $200,000 in company stock owned by the brother, John Messina. The reason for the substitution is that the $200,000 equity in their home is available for use by John and Gina Messina through a home equity line of credit, and Gina Messina is loathe to leave her family (including two teenage children) without ready access to funds in the event an emergency arises. The defendant's brother will remain on the $3.1 million bond. The proposed substitute collateral is available to be pledged to the government and is worth $200,000. See enclosed opinion letter from corporate counsel at Bryan Cave, as well as confirmation that the stock is presently trading at $1.02 per share (for a total of $204,000 for 200,000 shares).

Should the Court need further information or documentation, we will gladly provide it.

Very truly yours,

Gerald J. McMahon

GJM:cw
cc: All Counsel
    (by ECF)

lt81



Andrew S. Rodman
Direct: (212) 541-1197
Fax: (212) 541-1397
asrodman@bryancave.com

March 10, 2011

Bryan Cave LLP
1290 Avenue of the Americas
New York, NY 10104-3300
Tel (212) 541-2000
Fax (212) 541-4630
www.bryancave.com

The Honorable Kiyo A. Matsumoto
United States District Judge
United States Courthouse
225 Cadman Plaza East
Brooklyn, New York 11201

Re:    US v. Neil Messina – Case No.: 11 CR 31

Bryan Cave Offices

Atlanta
Charlotte
Chicago
Dallas
Hamburg
Hong Kong
Irvine
Jefferson City
Kansas City
London
Los Angeles
Milan
New York
Paris
Phoenix
San Francisco
Shanghai
Singapore
St. Louis
Washington, DC

Your Honor:

As special counsel to Corporate Resource Services, Inc. (the "Company"), we have been requested to provide you with information regarding the potential pledge of 200,000 shares of the Company's common stock, $0.0001 par value per share (the "Shares"), by John P. Messina Sr. (the "Pledgor") as substitute collateral with respect to a bond posted for the release of his brother, Neil Messina (the "Release Bond") pursuant to the Order Setting Conditions of Release and Bond (the "Order"), and the sale of the shares pursuant to such pledge in the event of a default under the Order. The Shares are evidenced by certificates #AB5056 and #AB5559, dated August 7, 2006 and November 12, 2009, respectively (the "Certificates"). As a result of a holding company restructuring, each issued and outstanding share of Accountabilities, Inc. common stock, par value $0.0001 per share, was automatically converted into one share of the Company's common stock and, accordingly, the Certificates represent the specified number of shares of the Company's common stock.

Bryan Cave International Trade
A TRADE CONSULTING SUBSIDIARY
OF NON-LAWYER PROFESSIONALS

www.bryancavetrade.com
Bangkok
Beijing
Jakarta
Kuala Lumpur
Manila
Shanghai
Singapore
Tokyo

In providing this information to you, we have examined and have relied upon the Certificates and the Order, copies of which are attached to this letter.

In connection herewith, we have assumed that all of the documents referred to in this letter have been duly authorized by, have been duly executed and delivered by, and constitute the valid, binding and enforceable obligations of, all of the parties to such documents, all of the signatories to such documents have been duly authorized and all such parties have the power and authority to execute, deliver and perform such documents. We note that neither Neil Messina nor a federal judge have executed the copy of the Order that is attached to this letter. We have assumed that such parties have executed the Order.

The Honorable Kiyo A. Matsumoto                                    **Bryan Cave LLP**
March 10, 2011
Page 2

In our examination of the foregoing documents, we have assumed the genuineness of all signatures, the legal competence and capacity of natural persons, and except as specifically indicated above, the conformity with authentic original documents of all documents submitted to us as copies. In providing you with the information contained in this letter, we have further assumed that the Order will be modified or amended to include the Shares as collateral under the Order, that the Shares were acquired in the open market, and at the time of the sale of the Shares by the United States government (the "Government") in the event of a default under the Order:

1. the Government will not then be, and will not have been at any time during the ninety days immediately before the sale of the Shares, an entity that directly, or indirectly through one or more intermediaries, controls the Company;

2. without acknowledging that the provisions of Rule 144(i)(1)(i) or (ii) of the Securities Act of 1933, as amended (the "Securities Act"), apply to the sale of the Shares, the Company shall have remained subject to the reporting requirements of Section 13 or 15(d) of the Securities Exchange Act of 1934, as amended (the "Exchange Act") and shall have filed all reports and other material required to be filed by such sections of the Exchange Act, as applicable, during the preceding 12 months prior to the date of sale, other than Form 8-K reports.

In reliance on the foregoing materials and assumptions, following a default under the Bond, the Government, pursuant to an opinion of counsel, may have the restrictive legend removed from the Certificates and may sell the Shares pursuant to Rule 144(b)(1) and (d)(3)(iv) under the Securities Act.

The information contained in this letter reflects only the application of the federal laws of the United States and does not relate to laws of any other jurisdiction or otherwise. The information set forth herein is made as of the date hereof and is subject to, and may be limited by, future changes in the factual matters set forth herein, and we undertake no duty to advise you of the same. The information contained in this letter is based upon the law in effect (and published or otherwise generally available) on the date hereof, and we assume no obligation to revise or supplement this letter should such law be changed by legislative action, judicial decision or otherwise. In providing this information to you, we have not considered, and hereby disclaim, the application or impact of any laws, cases, decisions, rules or regulations of any other jurisdiction, court or administrative agency.

NY02DOCS\1617651.4

The Honorable Kiyo A. Matsumoto                                   **Bryan Cave LLP**
March 10, 2011
Page 3

Of course, if you or the Pledgor has any reason to believe that any of information or assumptions relied upon by us are in any way inaccurate, this letter would be modified accordingly.

This letter is being delivered solely for your benefit.

Sincerely,

Andrew S. Rodman

Attachments

NY02DOCS\1617651.4



Page 1 of 1 received on 3/10/2011 9:44:57 AM [Eastern Standard Time] for 5411397.

The following abbreviations, when used in the inscription on the face of this certificate, shall be construed as though they were written out in full according to applicable laws or regulations:

| | | |
|---|---|---|
| TEN COM | —as tenants in common | UNIF GIFT MIN ACT — ........ Custodian ............ |
| TEN ENT | —as tenants by the entireties | (Cust)                    (Minor) |
| JT TEN | —as joint tenants with right of | under Uniform Gifts to Minors |
| | survivorship and not as tenants | Act ........................... |
| | in common | (State) |

*Additional abbreviations may also be used though not in the above list.*

For Value Received, _____ *hereby sell, assign and transfer unto*

PLEASE INSERT SOCIAL SECURITY OR OTHER
IDENTIFYING NUMBER OF ASSIGNEE

_____

(PLEASE PRINT OR TYPEWRITE NAME AND ADDRESS OF ASSIGNEE)

_____

_____ *Shares*

*of the stock represented by the within Certificate, and do hereby irrevocably constitute and appoint*

_____ *Attorney*

*to transfer the said stock on the books of the within named Corporation with full power of substitution in the premises.*

Dated _____

NOTICE: THE SIGNATURE TO THIS ASSIGNMENT MUST CORRESPOND WITH THE NAME AS WRITTEN UPON THE FACE OF THE CERTIFICATE, IN EVERY PARTICULAR, WITHOUT ALTERATION OR ENLARGEMENT, OR ANY CHANGE WHATEVER.

Signature(s) Guaranteed

By_____
THE SIGNATURES SHOULD BE GUARANTEED BY AN ELIGIBLE GUARANTOR INSTI-
TUTION (BANKS, STOCKBROKERS, SAVINGS AND LOAN ASSOCIATIONS AND
CREDIT UNIONS WITH MEMBERSHIP IN AN APPROVED SIGNATURE GUARANTEE
MEDALLION PROGRAM), PURSUANT TO S.E.C. RULE 17Ad-15.

TRANSFER AGENT:  Manhattan Transfer Registrar Co.
P. O. Box 756
Miller Place, New York 11764
(631) 928-7655

THE SECURITIES REPRESENTED HEREBY HAVE NOT BEEN
REGISTERED UNDER THE SECURITIES ACT OF 1933, AS
AMENDED, OR ANY STATE SECURITIES LAWS AND NEITHER
SUCH SECURITIES NOR ANY INTEREST THEREIN MAY BE
OFFERED, SOLD, TRANSFERRED, PLEDGED, OR OTHERWISE
DISPOSED OF, EXCEPT PURSUANT TO AN EFFECTIVE
REGISTRATION STATEMENT UNDER SUCH ACT AND SUCH LAWS
OR AN EXEMPTION FROM REGISTRATION UNDER SUCH ACT AND
SUCH LAWS WHICH IN THE OPINION OF COUNSEL FOR THE
HOLDER, PROVIDED THAT COUNSEL AND OPINION ARE
REASONABLY SATISFACTORY TO THE COMPANY, IS AVAILABLE.

Mar 10 11 01:51p   John Messina   7322528662   p.1



Page 1 of 1 received on 3/10/2011 9:47:28 AM [Eastern Standard Time] for 5411387.

The following abbreviations, when used in the inscription on the face of this certificate, shall be construed as though they were written out in full according to applicable laws or regulations:

| TEN COM | - as tenants in common | UNIF GIFT MIN ACT - .......................CUSTODIAN........................ |
| --- | --- | --- |
| | | (Cust)                    (Minor) |
| TEN ENT | - as tenants by the entireties | Under Uniform Gifts to Minors |
| | | Act .......................................... |
| JT TEN | - as joint tenants with right of survivorship and not as tenants in common | (State) |

Additional abbreviations may also be used though not in the above list.

For Value Received, _____hereby sell, assign and transfer unto

PLEASE INSERT SOCIAL SECURITY OR OTHER
IDENTIFYING NUMBER OF ASSIGNEE

_____
(PLEASE PRINT OR TYPEWRITE NAME AND ADDRESS OF ASSIGNEE)

_____

_____ Shares

of the stock represented by the within Certificate, and do hereby irrevocably constitute and appoint

_____ Attorney

to transfer the said stock on the books of the within named Corporation with full power of substitution in the premises.

Dated_____

NOTICE: THE SIGNATURE TO THIS ASSIGNMENT MUST CORRESPOND WITH THE NAME AS WRITTEN UPON THE FACE OF THE CERTIFICATE IN EVERY PARTICULAR, WITHOUT ALTERATION OR ENLARGEMENT, OR ANY CHANGE WHATEVER

Signature(s) Guaranteed

By _____
THE SIGNATURES SHOULD BE GUARANTEED BY AN ELIGIBLE GUARANTOR INSTITUTION (BANKS,STOCKBROKERS,SAVINGS AND LOAN ASSOCIATIONS AND CREDIT UNIONS WITH MEMBERSHIP IN AN APPROVED SIGNATURE GUARANTEE MEDALLION PROGRAM) PURSUANT TO S.E.C. RULE 17ad-15.

TRANSFER AGENT:       Manhattan Transfer Registrar Co.
                      P. O. Box 756
                      Miller Place, New York 11764
                      (631) 928-7655

THE SECURITIES REPRESENTED HEREBY HAVE NOT BEEN REGISTERED UNDER THE SECURITIES ACT OF 1933, AS AMENDED, OR ANY STATE SECURITIES LAWS AND NEITHER SUCH SECURITIES NOR ANY INTEREST THEREIN MAY BE OFFERED, SOLD, TRANSFERRED, PLEDGED, OR OTHERWISE DISPOSED OF, EXCEPT PURSUANT TO AN EFFECTIVE REGISTRATION STATEMENT UNDER SUCH ACT AND SUCH LAWS OR AN EXEMPTION FROM REGISTRATION UNDER SUCH ACT AND SUCH LAWS WHICH IN THE OPINION OF COUNSEL FOR THE HOLDER, PROVIDED THAT COUNSEL AND OPINION ARE REASONABLY SATISFACTORY TO THE COMPANY, IS AVAILABLE.

Mar 10 2011 12:04PM   HP LASERJET FAX                                    p.2

*United States District Court*
**EASTERN DISTRICT OF NEW YORK**                    Page 1 of 2

**UNITED STATES OF AMERICA**                    **ORDER SETTING CONDITIONS OF RELEASE AND BOND**

V.

Neil Messina                                    Case No.: 11 CR 31 (SLT)

**Defendant**

### RELEASE ORDER

It is hereby ORDERED that the above-named defendant be released as follows, subject to the Standard Conditions of Bond on the reverse and:

[ ] Upon Personal Recognizance Bond on his/her promise to appear at all scheduled proceedings as required, or

[ ] Upon Unsecured Bond executed by defendant in the amount of $_____, or    ~ 3.1 million

[✓] Upon Secured Appearance Bond as provided herein.

### Additional Conditions of Release

Upon finding that release under the standard conditions detailed on the reverse will not by themselves reasonably assure the appearance of the defendant and the safety of other persons and the community, IT IS FURTHER ORDERED that the defendant is subject to the following additional conditions of release:

[✓] 1.  The defendant must remain in and may not leave the following areas without Court permission: _EDNY + SDNY_

[✓] 2.  The defendant shall avoid all contact and not associate with any of the following persons or entities: _members of associates_ _organized crime, co-defts except presence of counsel_

[ ] 3.  The defendant shall avoid and not go to any of the following locations: _____

[ ] 4.  The defendant shall surrender any and all passports to the U.S. Pretrial Services Agency by _____ and shall not apply for any other passport.

[✓] 5.  Defendant is placed under the express supervision of the Pretrial Services Agency, subject to the Special Conditions on the reverse, if applicable, and

   [✓] is subject to random visits by a Pretrial Services officer at defendant's home and/or place of work;

   [ ] must report to that agency ( ) in person _____ times per _____ and/or ( ) by telephone _____ times per _____   _As directed_

   [✓] is subject to home detention with electronic monitoring with the following conditions: _Attorney keys, asked me, by PTS_   _by PTS_

   [✓] must undergo [ ] random drug testing [ ] evaluation and/or [ ] treatment for: [✓] substance abuse [ ] alcoholism [ ] mental health problems.

   [✓] must pay the cost of treatment and/or electronic monitoring by with personal funds and/or insurance.

[✓] 6.  Other Conditions: _see attached minute entry dated 3/8/11 (re 3/4/11 hearing)_

### APPEARANCE BOND

The undersigned defendant and sureties jointly and severally acknowledge that I/we and any/our personal representatives, jointly and severally, are bound to pay to the United States of America the sum of $ _3.1 million_. The undersigned agree(s) that this obligation is secured with his/her/their interest in the following property ("Collateral") which he/she/they represent is/are free and clear of liens except as otherwise indicated:

[ ] cash deposited in the Registry of the Court the sum of $ _____

(1) [ ] premises located at: _229 Quaker Rd. Pomona NY_ owned by _Marianne Cafaro_

[ ] I/we also agree to execute a confession of judgment in form approved by the U.S. Attorney which shall be duly filed with the proper local and state authorities on or before: _2/25/11_

See attached

[ ] Other Conditions: _____

X _____  John Messina (father)  Address: 9102 Colonial Rd. 6B Brooklyn NY 11209

_____  Antoinette C. Messina  Address: 9202 Colonial Rd. 6B, Bklyn NY 11209

X _____  Antoinette Messina  Address: X 316 Spook Rock Rd. Suffern NY 10901

_____  Marianne Surety  Cafaro

The Court has advised the defendant of the conditions of release per 18:3142(h)(1) and (h)(2). This bond is conditioned upon the appearance of the defendant and is subject to the Standard Conditions of Bond set forth on the reverse. If the defendant fails to appear as ordered or notified, or any other condition of this bond is not met, this bond shall be due forthwith.

I acknowledge that I am the defendant in this case and that I am aware of the conditions of release. I promise to obey all conditions of release, to appear as directed, and to surrender for service of any sentence imposed. I am aware of the penalties and sanctions set forth on the reverse of this form.

_____
Signature of Defendant

Release of the Defendant is hereby ordered on _____, 20__

_____, US_J

Distribution:   White-Original   Canary - Courtroom Deputy   Pink - Pretrial Services   Goldenrod - Defendant

Received Fax

Mar 10 2011 12:04PM   HP LASERJET FAX

p.1

Docket No. _____ 11 CR 31 (54) _____       PAGE 2 of 2

## ORDER SETTING CONDITIONS OF RELEASE AND BOND

Defendant: Neil Messina       Amount of Bond:$ 3.1 million

Each of the following additional surety or sureties acknowledges and agrees to pay the bond on the first page of this Order Setting Conditions of Release and Bond and, to the extent indicated below, to securing the bond with his/her/their interest in the property or properties described below:

| | Address | Date | Acknowledged Before |
|---|---|---|---|
| X _____ Surety: John Messina (brother) | X 3 Berkley Pl. Colts Neck NJ 07722 | 2/16/11 RMC | USMJ |
| X _____ Surety: Gina M. Messina SR. | | 2/16/11 RMC | USMJ |
| Surety: | | | USMJ |
| Surety: | | | USMJ |
| Surety: | | | USMJ |
| Surety: | | | USMJ |

Signed and Acknowledged
by all the above sureties
before me on _____, 20 ___     _____, USMJ.

The bond shall be secured by the interest of the surety in the following property or properties:

(2) Premises located at : 3 Berkley Pl. Colts Neck, NJ 07722

Owned by : John and Gina Messina

(3) Premises located at : 606 E. 16th St. Brooklyn NY 11226.

Owned by : John Messina (father)

(4) Premises located at : 12 Mill St. P.O. Box 556 Windham NY 12496

Owned by : Antoinette Messina

(5) Premises : 1102 E. Pine Crest Circle, Jupita, FL 3341,
owned by Antoinette Messina



New User? Register   Sign In   Help                    Preview Mail w/ Toolbar                    Yahoo!    Mail

YAHOO!, FINANCE                                    [Search]              [Web Search]

1000% Penny Stock Gains    > Sign-up,   > Sit Back,   > Make Money!   Free!

**HOME    INVESTING    NEWS & OPINION    PERSONAL FINANCE    MY PORTFOLIOS    TECH TICKER**

| crrs | GET QUOTES | Finance Search | Thu, Mar 10, 2011, 12:18PM EST - U.S. Markets close in 3 hrs 42 mins |

### CRRS IS ▲

  

## Get Quotes Results for crrs

[All Markets ▼]

| All (1) | Stocks (1) | Mutual Funds (0) | ETFs (0) | Indices (0) | Futures (0) | Currencies (0) |
|---|---|---|---|---|---|---|

| Symbol | Name | Last Trade | Type | Industry/Category | Exchange |
|---|---|---|---|---|---|
| CRRS.OB | Corporate Resource Services, Inc. | 1.02 | Stock | Staffing & Outsourcing Services | OBB |

**SPONSORED LINKS**

Is CRRS a Buy or Sell?
Find out if CRRS is a Buy or Sell. Join our Free Newsletter today!
www.AwesomePennyStocks.com/CRRS

Free report on CRRS
Get reports on the hottest stocks. Join our Free Newsletter today!
www.PennyStockGains.com/CRRS

Is CRRS a Strong Buy?
Join our 100% Free Penny Stock Newsletter & get picks that skyrocket!
www.PennyStocksExpert.com/CRRS

⚹ thinkorswim
by TD Ameritrade

**YAHOO! FINANCE**
- Banking & Budgeting
- Calculators
- Currency
- ETFs
- Experts
- Investing

- Insurance
- Market Stats
- Message Boards
- Mobile
- Personal Finance
- What's New

**ALSO ON YAHOO!**
- Autos
- Finance
- Flickr
- Games
- Groups
- Health

- Mail
- Maps
- Movies
- Music
- My Yahoo!
- News

- Shopping
- Sports
- Travel
- TV
- Video
- » All Y! Services

**THINGS TO DO**
- Read Our Blog
- Finance on Your Phone
- Check Home Values
- Find a New Car
- Search Jobs Across the Web

**YAHOO! FINANCE WORLDWIDE**

Argentina  Australia  Brazil  Canada  China  Chinese  France  French Canada  Germany
Hong Kong  India  Italy  Japan  Korea  Mexico  New Zealand  Singapore  Spain  Spanish  Taiwan  UK & Ireland  USA