UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------- x

UNITED STATES OF AMERICA,            :

      -against-                                         :         11 Cr. 31 (KAM)

NEIL MESSINA, et al.,                              :

             Defendants.                    :

--------------------------------------------------------x

**DEFENDANT NEIL MESSINA'S MEMORANDUM OF LAW IN SUPPORT OF HIS MOTION TO COMPEL PRODUCTION OF THE "NYPD HOMICIDE FILE"**

Gerald J. McMahon, Esq.
*Attorney for Defendant Neil Messina*
The Standard Oil Building
26 Broadway, 18th Floor
New York, New York 10004

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------- x

UNITED STATES OF AMERICA,                :

       -against-                                      :          11 Cr. 31 (KAM)

NEIL MESSINA, et al.,                             :

           Defendants.                          :

--------------------------------------------------------x

## Introduction

This memorandum of law is submitted on behalf of defendant Neil Messina ("defendant") in support of his oral motion to compel the production, pursuant to Fed.R.Crim.P. 16(a)(1)(E), of the New York City Police Department ("NYPD") homicide file concerning the August 17, 1992 murder of Joseph Pistone, Jr. ("homicide file"). This memorandum responds to the letter brief in opposition filed by the government on June 17, 2011 (docket entry # 81) ("Govt. Brf.").

ARGUMENT

POINT I

THE NYPD PISTONE HOMICIDE FILE IS "MATERIAL" BECAUSE IT CONTAINS, AS THE GOVERNMENT'S RECENT *BRADY* LETTER CLEARLY SHOWS, INFORMATION BOLSTERING THE DEFENSE THAT PERSONS OTHER THAN DEFENDANT MURDERED JOSEPH PISTONE

Neil Messina was arrested as part of the much-publicized "Mafia take-down" on January 20, 2011. During a pretrial conference on June 3, 2011, counsel for defendant Messina made an oral application for the homicide file, citing the need to review it before making motions to determine, *inter alia*, whether a motion to dismiss for pre-indictment delay could properly be made. Mindful that the homicide occurred nineteen (19) years ago, the Court directed the government to either produce the file by June 17, 2011, or a brief as to why it should not be so directed. On June 17th, the government filed its letter brief in opposition – and a remarkable, five page *Brady* letter arising largely out of the contents of that homicide file ("*Brady* Ltr."). Among the exculpatory facts developed by the NYPD and just disclosed by the government are:

- two individuals with decedent Joseph Pistone at the time of his murder identified a "Chris Bartolomeo" as one of the murderers [*Brady* Ltr. at 1-2]; upon information and belief, the government knows of no connection between Messina and "Chris Bartolomeo";

- four individuals said Pistone attended local Alcoholics Anonymous meetings, where he was friends with a "Sammy Martinez"; people at the AA meetings knew Pistone had money and his father owned a construction company [*Brady* Ltr. at 2-3]; upon information and belief, the government knows of no connection between Messina and "Sammy Martinez";

- "Sammy Martinez" admitted to a witness who was interviewed by the NYPD that "[w]e went to the house to get money. $5,000 was mentioned and shit got out of hand. Joe [Pistone] tried to run away and we shot him." [*Brady* Ltr. at 3-4].

2

Notwithstanding that treasure trove of exculpatory information, the government argues that the homicide file is not "material" within the meaning of Rule 16(a)(1)(E)(I), citing district court decisions holding that conclusory allegations of materiality are insufficient. (Govt. Brf. at 1-3). The government's argument borders on the frivolous and should be swiftly rejected.

A document is material under Rule 16 if it "could be used to counter the government's case or to bolster a defense ..." *United States v. Stevens*, 985 F.2d 1175, 1180 (2d Cir. 1993).

> To be helpful or material to the defense, evidence need not rise to the level that would trigger the Government's obligation under *Brady v. Maryland*, 373 U.S. 83 (1963), to disclose exculpatory information. See *id.* at 87. "[I]nformation can be helpful without being 'favorable' in the *Brady* sense." [*United States v.*] *Mejia*, 448 F.3d [436,] 457 [D.C. Cir. 2006].

*United States v. Aref*, 533 F.3d 72, 80 (2d Cir. 2008). It is clear from what was disclosed as *Brady* material that the homicide file contains follow-up interviews and other information bolstering our defense that Neil Messina had nothing to do with the Pistone murder. Accordingly it is "material to the defense" within the meaning of Rule 16 and should be produced. See *United States v. Finnerty*, 411 F.Supp.2d 428, 432 (S.D.N.Y. 2006) (SEC internal agency report held material since it countered the government's case and bolstered the defense); *United States v. Mandel*, 914 F.2d 1215, 1219 (9th Cir. 1990) (evidence "material" if "relevant to the development of a possible defense").

3

## POINT II

### RULE 16 (a)(2) DOES NOT APPLY TO
### THE NYPD PISTONE HOMICIDE FILE

The government argues that Fed.R.Crim.P 16(a)(2) precludes discovery of the NYPD homicide file. Govt. Brf. at 4-5. That Rule specifically exempts "internal government documents" from discovery. Several district courts have held, as the government points out, that "government" includes state and local governments. But the Second Circuit has never so held, and numerous district courts have taken the contrary position. See e.g. *United States v. Brown*, 1995 U.S. Dist. LEXIS 8996, at *28 (S.D.N.Y. 1995) ("While the NYPD investigated the events relating to Frieda Shaw's death, the present prosecution is not based upon that investigation and the Government does not assert that the materials sought are not discoverable under Rule 16(a)(2)."); *United States v. Cherry*, 876 F.Supp. 547, 551 (S.D.N.Y. 1995) (where federal prosecution is a "direct outgrowth of investigations by local authorities", investigative reports of NYPD are not discoverable); *United States v. Green*, 144 F.R.D. 631, 641 (W.D.N.Y. 1992) ( local law enforcement reports are discoverable "unless they are the product of a joint investigation or unless they have become the work product of the federal investigators."); *United States v. DeBacker*, 493 F.Supp. 1078, 1082 (W.D. Mich. 1980) (state police reports made before federal involvement in the prosecution were discoverable under Rule 16).

In order to assure that defendant Messina can defend himself against charges relating to a 1992 murder, the Court should order disclosure of the Pistone homicide file.

## CONCLUSION

The government should be directed to produce in discovery the NYPD Pistone homicide file.

Dated: New York, New York
June 30, 2011

*[signature]*

Gerald J. McMahon, Esq.
*Attorney for Defendant Neil Messina*
The Standard Oil Building
26 Broadway, 18th Floor
New York, New York 10004
212.797.1877
gm@geraldjmcmahon.com

cc: All Counsel
 (By ECF)

doc46a

5