```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------X
UNITED STATES OF AMERICA,
```
        Plaintiff,        **MEMORANDUM & ORDER**
                                                        11-CR-31(KAM)

    -against-

NEIL MESSINA,

        Defendant.
```
----------------------------X
```

**MATSUMOTO, United States District Judge**:

        Presently before the court is an oral application by defendant Neil Messina ("Messina" or "defendant") to compel discovery of a New York City Police Department ("NYPD") investigative file, presumably in the possession, custody, or control of the United States Attorney's Office,[1] concerning a 1992 murder with which defendant is charged in the instant case. The government opposes the motion. For the reasons set forth below, defendant's motion is granted.

<b>BACKGROUND</b>

        On January 12, 2011, defendant was charged by an eight-count indictment with, *inter alia*, two racketeering conspiracies, alleging predicate acts including but not limited to murder, robbery, loansharking, and illegal gambling.  (*See*

---

[1] Because neither party has raised the issue of whether the file is in the federal government's "possession, custody, or control," the court will presume that this requirement is satisfied. *See* Fed. R. Crim. P. 16(a)(1)(E).

1

ECF No. 1, Sealed Indictment; *see also* ECF No. 2, Order to Unseal Indictment.) Count One, Racketeering Act One charges Messina with conspiracy to rob and murder Joseph Pistone ("Pistone") on or about August 17, 1992. (Ind't ¶¶ 16-18.)

During a pretrial conference on June 3, 2011, defense counsel made an oral application to compel the production, pursuant to Federal Rule of Criminal Procedure 16(a)(1)(E), of a file relating to the NYPD's investigation of Pistone's August 17, 1992 murder (the "Homicide File"). Pursuant to an Order by this court, on June 17, 2011, the government filed a letter in opposition to defendant's application for disclosure of the Homicide File. (*See* ECF No. 81, Motion To Quash Defendant's Request for Disclosure of the NYPD Homicide File ("Gov't Mem."); *see also* Minute Entry dated 6/3/2011.) On the same day, the government sent defense counsel a letter (the "*Brady* Letter") purporting to disclose, pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963) and Federal Rule of Criminal Procedure 16(a)(1)(E)(i), information from the Homicide File concerning Pistone's robbery and murder. (*See* Letter from Loretta E. Lynch to Gerald J. McMahon, Esq. and Vincent J. Romano, Esq., dated 6/17/2011 ("*Brady* Ltr.").) Defendant replied to the government's opposition on June 30, 2011. (*See* ECF No. 82, Defendant Neil Messina's Memorandum of Law In Support Of His Motion To Compel Production of the "NYPD Homicide File" ("Def. Mem.").)

2

**LEGAL STANDARDS**

Federal Rule of Criminal Procedure 16 ("Rule 16") provides the means by which a criminal defendant may seek pre-trial discovery. Rule 16(a)(1)(E) provides, in pertinent part:

> Upon a defendant's request, the government must permit the defendant to inspect and to copy or photograph books, papers, documents, data, photographs, tangible objects, buildings or places, or copies or portions of any of these items, if the item is within the government's possession, custody, or control and:
>
> > (i) the item is material to preparing the defense;
> >
> > (ii) the government intends to use the item in its case-in-chief at trial; or
> >
> > (iii) the item was obtained from or belongs to the defendant.

Fed. R. Crim. P. 16(a)(1)(E). Evidence is material under Rule 16 if it "could be used to counter the government's case or to bolster a defense." *United States v. Stevens*, 985 F.2d 1175, 1180 (2d. Cir. 1993). "Materiality means more than that the evidence in question bears some abstract logical relationship to the issues in the case." *United States v. Maniktala*, 934 F.2d 25, 28 (2d Cir. 1991) (quoting *United States v. Ross*, 511 F.2d 757, 762-63 (5th Cir. 1975)). Rather, the requested information must "enable[] the defendant significantly to alter the quantum of proof in his favor." *Id.* Nevertheless, "[t]he materiality standard [of Rule 16] normally is not a heavy burden; rather,

evidence is material as long as there is a strong indication that it will play an important role in uncovering admissible evidence, aiding witness preparation, corroborating testimony, or assisting impeachment or rebuttal." *United States v. Stein*, 488 F. Supp. 2d 350, 356-57 (S.D.N.Y. 2007) (quoting *United States v. Lloyd*, 992 F.2d 348, 351 (D.C. Cir. 1993) (internal quotation marks omitted)).

The defendant bears the burden of making a *prima facie* showing that documents sought under Rule 16(a)(1)(E) are material to preparing the defense. *United States v. McGuinness*, 764 F. Supp. 888, 894 (S.D.N.Y. 1991); *Maniktala*, 934 F.2d at 28. To satisfy this burden, a defendant must offer more than conclusory allegations that the requested evidence is material or that it would be useful to the defense. *United States v. Ashley*, 905 F. Supp. 1146, 1168 (E.D.N.Y. 1995) (citing *McGuinness*, 764 F. Supp. at 895); *see also United States v. Rigas*, 258 F. Supp. 2d 299, 307 (S.D.N.Y. 2003) (rejecting defendants' "attempt to equate 'material' with 'useful'" where the production of documents would save defendants time in sifting through discovery).

Discovery in criminal cases is limited by Federal Rule of Criminal Procedure 16(a)(2), which states that "[e]xcept as Rule 16(a)(1) provides otherwise," defendants are not entitled to "the discovery or inspection of reports, memoranda, or other

4

internal government documents made by an attorney for the government or other government agent in connection with investigating or prosecuting the case." Fed. R. Crim. P. 16(a)(2); *see also United States v. Ghailani*, 687 F. Supp. 2d 365, 369 (S.D.N.Y. 2010) (finding that a memorandum prepared by the United States Attorney's Office in connection with the prosecution of the case was protected against disclosure under Rule 16(a)(2) "regardless of its materiality" under Rule 16(a)(1)(E)); *United States v. Batista*, No. 06-CR-265, 2009 WL 910357, at *10 (E.D.N.Y. Mar. 31, 2009) (denying defendant's request for government reports and records because Rule 16(a)(2) "expressly prohibits such disclosures," without analyzing the application of Rule 16(a)(1)); *United States v. Fort*, 472 F.3d 1106, 1110 n.2 (9th Cir. 2007) (concluding that despite the "plain reading of the text," Rule 16(a)(2) provides an exception to the discovery requirements under Rule 16(a)(1)(E)). Rule 16(a)(2) also restricts discovery insofar as it does not permit the discovery or inspection of statements made by prospective government witnesses, except as provided in 18 U.S.C. § 3500. Fed. R. Crim. P. 16(a)(2).

## DISCUSSION

### I. The Homicide File is Material.

The government argues that defendant has failed to satisfy his burden of showing that the Homicide File is material

5

and therefore its production should not be compelled under Rule 16. (Gov't Mem. at 1-4.) In response, defendant notes that the "treasure trove of exculpatory information" disclosed in the government's recent *Brady* Letter is undoubtedly material. (Def. Mem. at 3.) Defendant further asserts that, based on the information disclosed, it appears that the Homicide File must "contain[] follow-up interviews and other information bolstering our defense that Neil Messina has nothing to do with the Pistone murder." (*Id.*)

Based on the evidence presented, the court agrees with defendant. The Homicide File bears more than an abstract logical relationship to the issues in this case in that it directly relates to an unsolved murder that occurred 19 years ago, with which defendant has been charged in the indictment. *See Maniktala*, 934 F.2d at 28. Further, the disclosures in the government's June 17, 2011 *Brady* Letter arose largely out of the contents of the Homicide File and reveal that the file contains apparently exculpatory information from witnesses interviewed by the NYPD shortly after the murder occurred. (*See generally Brady* Ltr.) Indeed, in its June 17 letter the government identifies no information from the Homicide File linking defendant to the Pistone murder. Those witnesses identified by the government suggested possible alternative perpetrators,

6

motives, and other facts that are material to preparing Messina's defense to the murder. (*Id.*)

Given the length of time that has elapsed and the likelihood that much of the evidence concerning the murder is no longer available, there is no doubt that at least some of the undisclosed information contained in the Homicide File will "play an important role in uncovering admissible evidence, aiding witness preparation, corroborating testimony, or assisting impeachment or rebuttal." *Stein*, 488 F. Supp. 2d at 356-57 (citation and internal quotation marks omitted). Accordingly, the court finds that the Homicide File is material.

**II. The Homicide File is Discoverable.**

Nevertheless, even if the information contained in the Homicide File is material, its production will be barred by Rule 16(a)(2) if it constitutes an "internal government document[] made by an attorney for the government or other government agent in connection with investigating or prosecuting the case." Fed. R. Crim. P. 16(a)(2); *see also Ghailani*, 687 F. Supp. 2d at 369; *Batista*, 2009 WL 910357 at *10.

The government argues that "courts in the Second Circuit have consistently held that law enforcement reports such as those sought by the defendants are neither discoverable pursuant to Rule 16 nor subject to subpoena under Rule 17." (Gov't Mem. at 4.) In support of this contention, the

7

government cites several cases from the Southern District of New York in which courts have found generally that Rule 16(a)(2) bars disclosure of reports generated by local law enforcement agents. (*See id.* at 4-5.) Defendant, on the other hand, asserts that the Second Circuit has never affirmatively held that Rule 16(a)(2) exempts from production "internal government documents" produced by state and local governments, and he cites district court opinions that limit the protection of Rule 16(a)(2). (Def. Mem. at 4.)

Although the Second Circuit has not decided the issue, this court has reviewed the relevant case law and finds particularly instructive two opinions from the district court for the Southern District of New York. In *United States v. Cherry*, 876 F. Supp. 547 (S.D.N.Y. 1995), the defendant sought the production of NYPD investigative files concerning state law crimes charged as predicate acts in a federal racketeering indictment. In holding that the files were exempt from discovery pursuant to Rule 16(a)(2), the court emphasized that the NYPD investigations "covered the same conduct by the same defendants charged in the federal indictment" and the federal prosecution was a "direct outgrowth" of the NYPD investigations. *Id.* at 551. Thus, even where a report has been generated by local or state government agents, the report may be exempt from disclosure in a subsequent federal case provided that the report

relates to the same criminal conduct by the same defendants as the federal case. *Id.; see also Fort*, 472 F.3d at 1119 (in finding that Rule 16(a)(2) barred discovery of the local police department's files, the court noted that "San Francisco police officers investigated Defendants' illegal conduct and then turned the results of their investigation over to federal authorities, allowing their work to be subsumed within a single, unified prosecution of Defendants by the federal authorities").

Similarly, in *United States v. Savoca*, No. 03-CR-841, 2004 WL 1179312 (S.D.N.Y. Mar. 29, 2004) the district court also held that investigative files initially prepared by a local police department were not discoverable. There, however, the court's decision turned on whether a "joint investigation" existed between the local law enforcement and the federal government prosecutors. *Id.* at *2. Although the charges against the defendants in that case initially were investigated by the local police department, the federal government submitted affidavits demonstrating "the existence of a joint federal/local investigation" in which "the local and federal authorities have worked, and continue to work, collaboratively and to share the responsibilities of the investigation of the Defendants." *Id.* at *3-4. Thus, where there is no evidence of a joint investigation by the local and federal government, Rule 16(a)(2) offers less protection for investigatory files prepared by local

9

government agents.  *See also United States v. Green*, 144 F.R.D. 631, 641 (W.D.N.Y. 1992) (in racketeering prosecution, holding that "reports or records from state or local law enforcement agencies or prisons . . . are discoverable unless they are the product of a joint investigation or unless they have become the work product of the federal investigators").

In the instant case, the government has presented no evidence that the Homicide File covers the same conduct by the same defendant charged in the federal indictment or is the product of a joint investigation between the NYPD and the federal government.  Indeed, the record before the court contains no evidence that the Homicide File relates to any activity by defendant or that defendant was ever a suspect in the NYPD's investigation of the Pistone murder.  To the contrary, as revealed in the government's *Brady* Letter, witnesses questioned by NYPD investigators shortly after the murder occurred identified individuals other than defendant as the perpetrators of the crime, and there is no indication that defendant had any connection to those individuals.  (*See* Def. Mem. at 2; *see generally Brady* Ltr.)  That the Pistone murder has now been charged in the instant case against Messina does not create a joint investigation merely because the NYPD may have turned over its investigative file to the federal government.  Further, the government has not articulated any

legitimate law enforcement interest in protecting the Homicide File.  Nor has the NYPD, which has primary responsibility for the investigative file at issue, opposed production of the Homicide File to defendant.

Accordingly, defendant's motion to compel discovery of the NYPD Pistone Homicide File is granted.  The court notes that nothing in this opinion should be interpreted to diminish or dilute the government's disclosure obligations under *Brady v. Maryland*, 373 U.S. 83 (1963) and 18 U.S.C. § 3500.

## CONCLUSION

Based on the foregoing reasons, the court grants defendant's motion to compel discovery.  The government shall produce the Homicide File no later than August 10, 2011.

**SO ORDERED.**

Dated: August 8, 2011
       Brooklyn, New York

                                        _____
                                        **Kiyo A. Matsumoto**
                                        United States District Judge
                                        Eastern District of New York