

**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

EAG/AL  
F.#2011R00006

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

December 28, 2011

<u>By ECF</u>

The Honorable Kiyo A. Matsumoto  
United States District Judge  
United States District Court  
Eastern District of New York  
225 Cadman Plaza East  
Brooklyn, New York 11201

   Re: United States v. Neil Messina  
     <u>Criminal Docket No. 11 CR 31 (KAM)</u>

Dear Judge Matsumoto:

  For the same reasons set forth in the government's letter dated June 9, 2011 – filed in opposition to a prior bond modification request to attend a business dinner (<u>see</u> Docket Entry No. 80) – the government respectfully submits this letter in opposition to the defendant's request for several modifications to his bond. (<u>See</u> Ltr. from Gerald J. McMahon, Esq. to the Court, dated Dec. 28, 2011 (Docket Entry No. 125)). Specifically, Messina seeks to visit his mother in the hospital between 10:30 a.m. and 4:30 p.m. on the next four Saturdays and to visit his girlfriend between 7:00 p.m. and 1:00 a.m. on New Year's Eve, December 31, 2011. With the exception of the defendant's request to visit his mother this week, each of the defendant's requests should be denied. Should the Court be inclined to grant that request or any of the defendant's other requests, the government respectfully submits that prior to granting such requests, the defendant should be required to submit an affidavit from the suretors of the defendant's bond indicating their consent to the proposed modifications.

  As set forth in the government's June 9, 2011 letter and in prior government memoranda in support of its motion for a permanent order of detention, the defendant's release poses a danger to the community. To address the government's concerns, the Court released the defendant only after the defendant presented a significant bail package with numerous conditions of

release. If the bond package were modified to accommodate the instant requests by the defendant, the government could not - and should not be expected to - adequately monitor the defendant's activities to ensure the safety of the community. As such, allowing the defendant to leave his residence for lengthy periods of time on a weekly basis would effectively enable the defendant to operate his loansharking business and otherwise conduct illegal activities. Furthermore, while the government has previously consented to similar bond modification requests, it is the fact that the defendant's requests are increasing in frequency and the added strain this places on the government that now causes the government to object.[1]

Accordingly, the government respectfully submits that, with the exception of the defendant's request to visit his mother this week, each of the defendant's requests to modify the conditions of his release should be denied.

Respectfully submitted,

LORETTA E. LYNCH
United States Attorney

By: /s/Elizabeth A. Geddes
Elizabeth A. Geddes
Allon Lifshitz
Assistant U.S. Attorneys

cc: Gerald J. McMahon, Esq. (by ECF)
Vincent J. Romano, Esq. (by ECF)
Clerk of the Court (KAM) (by ECF)

---

[1] The government notes that in an email dated December 16, 2011, counsel for Messina sought permission for Messina to, inter alia, spend Christmas Eve with his family and to spend New Year's Eve with his girlfriend. The government advised that it would consent to the request to spend Christmas Eve with his family if the defendant withdrew his other requests for bond modifications. Thereafter, only after requesting the modification for Christmas Eve and indicating the government's consent, the defendant sought permission to spend New Year's Eve with his girlfriend.