GERALD J. MCMAHON
ATTORNEY AT LAW
THE STANDARD OIL BUILDING
26 BROADWAY, 18TH FLOOR
NEW YORK, NEW YORK 10004

(212) 797-1877 (TEL)
(212) 797-1419 (FAX)
gm@geraldjmcmahon.com (E-MAIL)

WEBSITE
www.geraldjmcmahon.com

LEGAL ASSISTANT
Cassandra Lapal Williams

January 17, 2012

By ECF & Hand

The Honorable Kiyo A. Matsumoto
United States District Judge
United States Courthouse
225 Cadman Plaza East
Brooklyn, New York 11201

    Re: United States v. Neil Messina, et al.
        11 Cr. 31 (KAM)

Dear Judge Matsumoto:

    This letter brief is submitted in reply to the Government's Memorandum of Law In Opposition to the Defendant's Pretrial Motion (docket entry # 132) ("Gov't Memo").

Suppression of Title III Recordings

    The government makes much of the fact that there are only two reported decisions in the Second Circuit where a wiretap was found to be unnecessary. Gov't Memo at 15. An interesting corollary to that fact is that there are far more eavesdropping warrants authorized today then there were twenty years ago. As with anonymous juries, what was once a seldom-to-be-used, only as a last resort, law enforcement tool, has now become the norm, virtually routine. The necessity showing in this case clearly illustrates that point.

    The government concedes, as it must, that physical surveillances were productive, and that the agents had at least two informants who were in daily contact – wearing body wires – with Mr. Messina. Gov't Memo at 16-17. The government downplays the significance of those productive areas of investigation by having the very agent who is seeking the wiretap express her opinion (speculation) that "prolonged or regular surveillance would have been noticed by the subjects, causing them to become cautious or to flee. (Regucci Aff. ¶ 55)." No statistics to support the claim in general, and no facts suggesting such a state of mind in this particular case: just a conclusion that continued surveillances would be noticed.

    In like fashion, SA Regucci bootstraps her necessity argument by opining that "use of

GERALD J. MCMAHON

The Honorable Kiyo A. Matsumoto
United States District Judge
January 17, 2012
Page Two

such informants ... will not themselves provide admissible evidence and will not achieve the goals of the investigation." Gov't Memo at 17-18 (quoting Regucci Aff. ¶ 57). The Court is well aware that the government considers the recordings of the informants (Peter Tagliavia and Tommy McLaughlin) to be admissible evidence thereby effectively undercutting the sworn statement made by SA Regucci to Judge Ross.

In this age of big government and ever-diminishing individual privacy, now is the time to give proper scrutiny to law enforcement claims of necessity, and to pay more than lip service to the reality that wiretapping is a most serious intrusion on individual liberties. *Olmstead v. United States*, 277 U.S. 438, 469 *et seq.* (1928) (dissenting opinions of Justices Holmes and Brandeis).

Bill of Particulars

In the government *Brady* letter dated June 17, 2011, the prosecutors identified two very different sets of suspects in the 1992 Joseph Pistone homicide. The first group, identified by the decedent's family and friends, consisted of "Chris Bartolomeo" and "Sammy Martinez". The second group, revealed in the Complaint in *United States v. Candela*, M-94-1790 (filed November 14, 1994), consisted of participants Angelo Ciancio and Gaspar Marchianto and co-conspirators Salvatore Candela, Salvatore Centore and Richard Taglianetti. *Id.* ¶¶ 177-185.

Without a bill of particulars, Neil Messina has no way of knowing whether his (alleged) co-conspirators were Bartolomeo/Martinez or the Candela group – or, indeed, some other group as yet undisclosed. It's a twenty year old homicide. The defense is not asking for *evidence* of the murder, but rather the identities of the individuals with whom Mr. Messina allegedly conspired to commit it. Due Process requires that we be provided at least that information.

Very truly yours,

Gerald J. McMahon

GJM:cw
cc: All Counsel (by ECF)