**GERALD J. MCMAHON**
ATTORNEY AT LAW
THE STANDARD OIL BUILDING
26 BROADWAY, 18TH FLOOR
NEW YORK, NEW YORK 10004

(212) 797-1877 (TEL)
(212) 797-1419 (FAX)
gm@geraldjmcmahon.com (E-MAIL)

WEBSITE
www.geraldjmcmahon.com

LEGAL ASSISTANT
Cassandra Lapal Williams

February 3, 2012

By ECF & Hand

The Honorable Kiyo A. Matsumoto
United States District Judge
United States Courthouse
225 Cadman Plaza East
Brooklyn, New York 11201

    Re: United States v. Neil Messina, et al.
        11 Cr. 31 (KAM)

Dear Judge Matsumoto:

    This letter brief is submitted in response to the order of the Court, entered on January 31, 2012, directing the parties to supplement their arguments concerning whether to identify alleged co-conspirators by addressing the six factors set forth in *United States v. Nachamie*, 91 F. Supp. 2d 565, 572 (S.D.N.Y. 2000).

1. Number of Co-Conspirators

    Defendant Messina has no idea how many co-conspirators there allegedly were. What we do know is the description of the crime provided by the government:

> ...in 1992, the defendant Messina, together with other associates of LCN [La Cosa Nostra], attempted to commit a robbery and, in the course of committing the robbery, murdered Joseph Pistone. More specifically, in the early 1990s, Messina and a coconspirator ("CC-1") [believed to be Nicky Lanza], who at the time was an associate of the Colombo family, committed a series of home invasion robberies. In August 1992, Messina, CC-1 **and others** agreed to rob a residence located on West 7th Street in Brooklyn, New York, and attempted to execute their plan on August 17, 1992. In the course of carrying out that robbery, **one of Messina's coconspirators** shot and killed Joseph Pistone ...

Government Detention Memorandum, dated January 20, 2011, at 3 (emphasis added).

GERALD J. MCMAHON

The Honorable Kiyo A. Matsumoto
United States District Judge
February 3, 2012
Page Two

From that description, we may fairly assume that "the number of co-conspirators is potentially large, [thus] the first factor weighs in favor of granting the disclosure request." *United States v. Barrett*, No. 10 Cr. 809 (KAM), 2011 U.S. Dist. LEXIS 132546, at *50-51 (E.D.N.Y. November 16, 2011).

2. Duration and Breadth of Alleged Conspiracy

As stated above, the government claims that the conspiracy to commit home invasion robberies extended over a significant period of time "in the early 1990s". Moreover, the government acknowledges that Messina was not present at the house when the botched robbery and murder occurred. Thus, it is likely that defendant may never have met some of them. See *United States v. Trie*, 21 F. Supp. 2d 7, 22 (D.D.C. 1998) (granting request for names of unindicted co-conspirators where there were many co-conspirators, some of whom the defendant may never have met, and where the alleged conspiracy lasted more than three years). This factor, therefore, also weighs in favor of disclosure.

3. Whether Adequate Notice of the Particulars Has Been Otherwise Provided

Pursuant to an order of this Court, the government turned over the NYPD Pistone homicide file. That file contained a wealth of *Brady* material, but it also identified two very different sets of suspects in the 1992 Pistone homicide. The first group, identified by the decedent's family and friends, consisted of "Chris Bartolomeo" and "Sammy Martinez". The second group, revealed in the Complaint in *United States v. Candela*, M-94-1790 (filed November 14, 1994), consisted of participants Angelo Ciancio and Gaspar Marchianto and co-conspirators Salvatore Candela, Salvatore Centore and Richard Taglianetti. *Id.* ¶¶ 177-185.

Without a bill of particulars, Neil Messina has no way of knowing whether his (alleged) co-conspirators were Bartolomeo/Martinez or the Candela group – or, indeed, some other group as yet undisclosed. It's a twenty year old homicide. The defense is not asking for *evidence* of the murder, but rather the identities of the individuals with whom Mr. Messina allegedly conspired to commit it. See *Barrett*, 2011 U.S. Dist. LEXIS, at *51 ("The third factor ... weighs in favor of disclosure when 'defendants do not have adequate information to prepare for trial and avoid unfair surprise.' [*United States v.*] *Kahale*, 789 F. Supp. 2d [359,] at 372 [(E.D.N.Y. 2009)]"; *United States v. Strawberry*, 892 F. Supp. 519, 527 (S.D.N.Y. 1995) (granting request for names of co-conspirators as "necessary to the preparation of the defense").

4. Volume of Pretrial Disclosure

Neil Messina concedes that the volume of disclosure has not overwhelmed the defense.

The Honorable Kiyo A. Matsumoto
United States District Judge
February 3, 2012
Page Three

5. Potential Danger to Co-Conspirators and Nature of Alleged Criminal Conduct

Defendant concedes that the nature of the alleged criminal conduct is extremely serious, but we submit that the potential danger to any co-conspirators is mitigated by the fact that the murder was an unplanned result of a botched robbery, and that Messina was not even present when it occurred. See Trie, 21 F. Supp. 2d at 22 n.14 (ruling that the government had provided no evidence that defendant would attempt to tamper with witnesses).

6. Potential Harm to Government's Investigation

This factor weighs in favor of disclosure since the government has made no claim of an ongoing criminal investigation into the twenty-year old Pistone homicide.

Considering all the Nachamie factors, it is clear that the Court should order the disclosure of the names of the alleged co-conspirators to the 1992 Pistone homicide.

Very truly yours,

*[signature]*

Gerald J. McMahon

GJM:cw
cc: All Counsel (by ECF)