

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

EAG/AL
F.#2011R00006

*271 Cadman Plaza East*

*Brooklyn, New York  11201*

February 3, 2012

The Honorable Kiyo A. Matsumoto
United States District Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

       Re:  United States v. Neil Messina
            Criminal Docket No. 11 CR 31 (KAM)

Dear Judge Matsumoto:

       The government respectfully submits this letter pursuant to the Court's Order dated January 31, 2012, in which the Court directed the parties to address the application of the factors set forth in United States v. Nachamie, 91 F. Supp. 2d 565 (S.D.N.Y. 2000) to the defendant's motion for a bill of particulars identifying his alleged co-conspirators.  For the reasons set forth below, that motion should be denied.

BACKGROUND

       The defendant is an associate within the Bonanno organized crime family of La Cosa Nostra (the "Bonanno family" and "LCN," respectively).  In connection with the defendant's association with LCN, a grand jury returned an indictment charging him with, inter alia, participating in a racketeering conspiracy between January 1992 and January 2011, including as predicate racketeering acts murder, extortionate collection of credit conspiracy, illegal gambling - sports betting, and extortionate extension and collection of credit.

       On December 5, 2011, the defendant moved for, inter alia, a bill of particulars identifying his co-conspirators in the aforementioned racketeering acts.  (Docket Entry No. 118 ("McMahon Decl.") ¶¶ 25-29; Docket Entry No. 119 ("Def.'s Mot.") at 12.)  On January 10, 2012, the government responded (Docket Entry No. 132 ("Govt. Resp.")), and on January 17, 2012, the defendant replied (Docket Entry No. 138).  On January 31, 2012, the Court directed the parties to address the application of the six Nachamie factors.

ARGUMENT

I.  Legal Standard

Under the Federal Rules of Criminal Procedure, an indictment need only set forth a "plain, concise and definite written statement of the essential facts constituting the offense." Fed. R. Crim. P. 7(c). Additional details in the form of a bill of particulars, see Fed. R. Crim. P. 7(f), are not appropriate unless the indictment is too vague "to inform a defendant of charges with sufficient precision to allow preparation of a defense, to avoid unfair surprise, and to preclude double jeopardy." United States v. GAF Corp., 928 F.2d 1253, 1260 (2d Cir. 1991); see also United States v. Torres, 901 F.2d 205, 234 (2d Cir. 1990) (bill of particulars required "only where the charges of the indictment are so general that they do not advise the defendant of the specific acts of which he is accused" (citations and quotation marks omitted)).

In addition, a defendant cannot use a bill of particulars as a general investigative tool or a pre-trial discovery device. United States v. Pimentel, 99 CR 1104 (SJ), 2001 WL 185053, at *4 (E.D.N.Y. Jan. 22, 2001); United States v. Leonard, 817 F. Supp. 286, 301 (E.D.N.Y. 1992). In particular, a defendant is not entitled to discovery through a bill of particulars as to the exact times and places at which the crime occurred or the identities of the witnesses and the documents that will establish the crime charged. United States v. Tramunti, 513 F.2d 1087, 1113 (2d Cir. 1975); United States v. Carroll, 510 F.2d 507, 509 (2d Cir. 1975). Nor is a defendant entitled to detailed evidence as to how, when, where, or with whom an alleged conspiracy took place, United States v. Feola, 651 F. Supp. 1068, 1132-33 (S.D.N.Y. 1987), aff'd, 875 F.2d 857 (2d Cir. 1989), including the substance of the conversations or the details of agreements between or among co-conspirators, United States v. Kahaner, 203 F. Supp. 78, 84 (S.D.N.Y. 1962), aff'd, 317 F.2d 459 (2d Cir. 1963). "In short, a defendant is not entitled to preview, via a motion for bill of particulars, an extended trailer of the feature the Government plans to screen for the jury well in advance of the premiere." United States v. Shteyman, 10 CR 347 (SJ), 2011 WL 2006291, at *3 (E.D.N.Y. May 23, 2011); see also Torres, 901 F. 2d at 234 ("Acquisition of evidentiary detail is not the function of the bill of particulars." (quotation marks and citations omitted)); United States v. Sindone, 01 CR 517 (MBM), 2002 WL 48604, at *1 (S.D.N.Y. Jan. 14, 2002) (a bill of particulars is not appropriate for use as a general pre-trial investigative tool for the defense); United States v. Jimenez, 824 F. Supp. 351, 363

(S.D.N.Y. 1993) (a bill of particulars is not appropriate as a tool to foreclose the Government from using proof it may develop as the trial approaches).

In <u>Nachamie</u>, the court explained that a "bill of particulars permits a defendant 'to prepare for trial, to [avoid] surprise, and to interpose a plea of double jeopardy should he be prosecuted a second time for the same offense.'" <u>Nachamie</u>, 91 F. Supp. 2d at 572 (quoting <u>United States v. Bortnovsky</u>, 820 F.2d 572, 574 (2d Cir. 1987) (brackets in original)). The court further explained the considerations that apply when the particulars sought are the names of known unindicted co-conspirators:

> In deciding whether a defendant's demand for the names of known unindicted co-conspirators would achieve these ends, courts should consider the following factors: (1) the number of co-conspirators; (2) the duration and breadth of the alleged conspiracy; (3) whether the Government otherwise has provided adequate notice of the particulars; (4) the volume of pretrial disclosure; (5) the potential danger to co-conspirators and the nature of the alleged criminal conduct; and (6) the potential harm to the Government's investigation.

<u>Nachamie</u>, 91 F. Supp. 2d at 572; <u>see also</u> <u>United States v. Barret</u>, 10 CR 809 (KAM), -- F. Supp.2d --, 2011 WL 5579079, at *15-16 (E.D.N.Y. Nov. 16, 2011); <u>United States v. Kahale</u>, 789 F. Supp. 2d 359, 372 (E.D.N.Y. 2009) (Matsumoto, J.).

In addition, the court in <u>Nachamie</u> explained when these factors support granting or denying a motion for a bill of particulars. Factors 1 and 2 support denying a motion for a bill of particulars where the conspiracy is small and brief: "If there are a large number of co-conspirators and a long-running conspiracy, a defendant is more likely to be surprised by the identity of other co-conspirators, whom he may never have met." <u>Id.</u> Factors 3 and 4 support denying a motion where the government has provided adequate notice of the particulars of the crime and the discovery is limited: "If the Government has failed to provide adequate notice of the particulars, or if the discovery has been voluminous, identification of known unindicted co-conspirators will help a defendant focus his investigation and prepare for trial." <u>Id.</u> at 572-73. Factors 5 and 6 support denying a motion where disclosing the identities of unindicted co-conspirators would be dangerous or would hinder an investigation: "On the other hand, considering the potential danger to the co-conspirators and the risk of compromising

4

continuing investigations allows a court to balance a defendant's need for the information against legitimate law enforcement concerns." Id. at 573.

II. Application

In this case, and in light of the fact that the purpose of a bill of particulars is limited to helping a defendant to prepare for trial, to avoid surprise, and to interpose a plea of double jeopardy, all six Nachamie factors cut against the defendant's motion, and the motion should be denied.

A.   Murder of Joseph Pistone

As the government has previously explained, on August 17, 1992, the defendant and others planned and committed an armed home invasion robbery of a home on West 7th Street in Brooklyn, New York, where they believed they would find narcotics and proceeds of narcotics sales; during the robbery, one of the defendant's co-conspirators shot and killed Joseph Pistone. (Indictment ¶¶ 16-18; Govt. Resp. at 5; Govt. Mem. L. In Support of Detention dated January 20, 2011 (Docket Entry No. 35-2) ("1/20/11 Det. Mem.") at 3; Govt. Mem. L. In Support of Detention dated February 23, 2011 (Docket Entry No. 35) ("2/23/11 Det. Mem.") at 2-3.)  The defendant's co-conspirator's included an associate of the Colombo family ("CC-1") with whom the defendant planned and committed home invasion robberies in the early 1990s. (1/20/11 Det. Mem. at 3; 2/23/11 Det. Mem. at 2.)  The defendant is well aware of the identity of CC-1.  (Transcript of Detention Hearing dated February 16, 2011 (Docket Entry No. 35-2) at 17.)

In light of these previously disclosed facts, Nachamie factors 1 (the number of co-conspirators) and 2 (the duration and breadth of the alleged conspiracy) support denying the motion for a bill of particulars because the conspiracy to murder Pistone was, by its very nature, intimate and brief.  Because the crime was a murder that the defendant planned, and because the murder occurred on a single day, the defendant is simply not likely to be surprised by the identity of other co-conspirators, Nachamie, 91 F. Supp. 2d at 572, as distinct from defendants in cases in which a motion for a bill of particulars is granted.  Compare Kahale, 789 F. Supp. 2d at 372 (granting motion for bill of particulars where the conspiracy involved a "potentially large" number of co-conspirators because there were four indicted defendants and an unknown number of unindicted defendants, a "relatively lengthy" term of five years, and an "expansive" geographic scope from New York to Nevada and potentially unknown international locations) to United States v. Rigas, 258 F. Supp.

2d 299, 305 (S.D.N.Y. 2003) (denying motion for bill of particulars where "the present case involves a small group of defendants who are alleged to have had intimate involvement with the preparation and carrying out of a series of fraudulent activities over a three-year period"), United States v. Kaplan, 02 CR 883 (DAB), 2003 WL 22880914, at *17 (S.D.N.Y. Dec. 5, 2003) (denying motion for bill of particulars based in part on "[t]he relatively limited breadth and scope of the conspiracy," which lasted two years and included eight overt acts), and United States v. Reddy, 190 F. Supp. 2d 558, 570 (S.D.N.Y. 2002) ("[A]ll of the charged transactions involve financial dealings in which a limited number of persons had an interest and as to which most, if not all, relevant information would have been confined to the Defendants and/or persons who reported to one or more of them directly or indirectly.  Accordingly, identification of the persons referred to in the Indictment is not necessary in order for Defendants to adequately prepare for trial and Defendants' request for particulars identifying unnamed persons referred to in the Indictment is denied.").  As another court has held:

> Although [the government's] disclosure may not have revealed each and every participant in this conspiracy, defendants have been provided with sufficient information as to the nature of the conspiracy and their roles in it such that they can prepare for trial even without that level of detailed information.

United States v. Gammarano, 06 CR 72 (CPS), 2007 WL 2077735, at *11 (E.D.N.Y. July 18, 2007).  The same is true in the present case.

Factors 3 (whether the government has provided adequate notice of the particulars) and 4 (the volume of pretrial disclosure) also support denying the motion.  The government has provided adequate notice of the particulars of the crime because it has identified the date and location of the murder, named the murder victim, and identified CC-1 with sufficient specificity for the defendant to know who CC-1 is.  Discovery is limited because the discovery regarding the Pistone murder consists largely of the New York City Police Department homicide file (which includes witness statements, ballistics reports and crime-scene photographs) regarding the Pistone murder and a small number of consensual recordings of the defendant.  In Nachamie, which was a fraud case, discovery included "over 200,000 pieces of paper in hundreds of boxes and files, relating to 2,000 Medicare claims" and the government "ha[d] not yet informed the defendants which of these claims were false and in what way they were false."  Nachamie, at 91 F. Supp. 2d at 571.  In this case, by contrast, the discovery is limited and concerns one murder.

Factors 5 (the potential danger to co-conspirators and the nature of the alleged criminal conduct) and 6 (the potential harm to the Government's investigation) also support denying the motion. As explained in the government's detention memoranda, the defendant is charged with crimes of violence including murder and extortionate collection of credit; the defendant has access to firearms, including one with a silencer; and the defendant has punched his girlfriend in the head, knocking her unconscious. (2/23/11 Det. Mem. at 2-4, 9-10.) In addition, the defendant has committed his crimes in association with La Cosa Nostra and the Bonanno family, violent criminal enterprises that further their interests through, inter alia, murder. (Indictment ¶¶ 8, 12.) Therefore, identifying additional co-conspirators would place them in grave danger and would potentially harm the government's investigation. U.S. v. Barret, 2011 WL 5579079, at *17 (denying motion for bill of particulars and reasoning, in part, that "safety is a concern in this case because the alleged conspiracy involves narcotics trafficking and the criminal complaint alleges regular use of firearms in connection with the conspiracy"); Gammarano, 2007 WL 2077735, at *12 ("[G]iven the Gambino family's history of obstruction of justice, there is good reason to be concerned about disclosing his identity too far in advance of trial."); United States v. Columbo, 04 CR 273 (NRB), 2006 WL 2012511, at *6 (S.D.N.Y. July 18, 2006) (denying motion for bill of particulars and reasoning, in part, that "because some of the defendants allegedly have ties to the [Colombo] crime family and the charged offenses include extortion, concern about a possibility of witness tampering is not inappropriate"); United States v. Wilson, 493 F. Supp. 2d 364, 372 (E.D.N.Y. 2006) ("identifying alleged co-conspirators in a bill of particulars is inappropriate in cases where the defendant is charged with extreme acts of violence in order to protect the government's investigation and the safety of unindicted co-conspirators" (citation and quotation marks omitted)); United States v. Urso, 369 F. Supp. 2d 254, 273 (E.D.N.Y. 2005) ("Both tests proposed by my colleagues in the Southern District [including the Nachamie test] suggest that defendants charged with extreme acts of violence should not be granted early disclosure of the government's theories as to the identities of unindicted co-conspirators. Considering the incidence of violence by, among, and against members of the Bonnano family and those who have done business with it, I therefore conclude that disclosure of the identities of the alleged, unindicted co-conspirators is not warranted."); Nachamie, 91 F. Supp. 2d at 573 ("considering the potential danger to the co-conspirators and the risk of compromising continuing investigations allows a court to balance a defendant's need for the information against legitimate law enforcement concerns"). This distinguishes the present case from both Nachamie, id. at 573 (finding no legitimate concern of endangering unindicted co-conspirators or compromising the

7

government's investigation), and Kahale, 789 F. Supp. 2d at 373 ("The government has asserted no basis to fear that revealing the identities of the unindicted co-conspirators will jeopardize their safety, create risk of witness tampering, or compromise an ongoing government investigation."). As another court has observed:

> The stakes in a criminal case are high, and temptations of perjury, subornation and intimidation are ever present. The government is not required to turn over information that will permit a defendant to preview the government's case and tempt him . . . to see to it that the government's proof is not presented.

United States v. Sindone, 01 CR 517 (MBM), 2002 WL 48604, at *1 (S.D.N.Y. Jan. 14, 2002). That observation applies with great force in the present case.

\*   \*   \*

The government has identified the date and location of Pistone murder, the identity of the victim and sufficient identifying information about CC-1. In addition, discovery has included witness statements, crime-scene photographs and ballistics information. This is -- by far -- more than enough information to allow the preparation of a defense, to avoid unfair surprise, and to preclude double jeopardy. GAF Corp., 928 F.2d at 1260. Therefore, and in light of the Nachamie factors, no bill of particulars is warranted.

II. Extortionate Collection of Credit Conspiracy

Between December 2009 and March 2010, the defendant and others agreed to use extortionate means to collect a loansharking debt. In particular, the defendant recruited a cooperating witness to perform "dirty work," which the defendant explained meant assault, in connection with a debt owed by John Doe #1 to co-defendant Benito Valenti, an associate of the Bonanno family. In addition, co-defendant Nicolo Valenti was tasked with joining the cooperating witness in collecting the debt, and he provided John Doe #1's name and address, as well as a description of John Doe #1's car and the name of a restaurant where he could be found, to the cooperating witness. All of these facts have been provided to the defendant previously. (1/20/11 Det. Mem. at 7-8; 2/23/11 Det. Mem. at 3-4.)

In light of these previously disclosed facts, Nachamie factor 1 supports denial of the motion because the number of co-conspirators is small, and factor 2 supports denial because the duration of the alleged conspiracy was brief and its breadth was

8

limited. <u>Gammarano</u>, 2007 WL 2077735, at *12 & n.42 ("[T]he indictment and the government's subsequent filings make clear what it is that Gammarano is accused of, namely extortion through a threat of violence, and who the victim is[.] . . . Such information is sufficient to alert Gammarano to the specific charges against him and allow him to prepare for trial. . . . Given that the alleged conspiracy took place over a short period of time and did not extend beyond these few victims, it is unlikely that there were co-conspirators whom Gammarano had not met."); <u>United States v. Amendolara</u>, 01 CR 694 (DAB), 2002 WL 31368279, at *6 (S.D.N.Y. Oct. 21, 2002) ("[T]he Indictment alleges a conspiracy that spanned a period of only two years and allegedly involved Defendant Anello, his three co-Defendants, and three unindicted co-conspirators. The Court does not consider this period of time or the alleged size of this conspiracy to be so vast as to necessitate additional Government disclosures at this time." (citations omitted)).

In addition, factor 3 supports denial because the government has provided adequate notice of the particulars in the form of its detention memoranda and consensual recordings in which the defendant and the Valentis discuss the conspiracy. Factor 4 supports denial because the volume of this pretrial disclosure is small. Factors 5 and 6 support denial because, for the reasons set forth above, identifying additional co-conspirators (if any) would place them in grave danger and would potentially harm the government's investigation.

III. Illegal Gambling - Sports Betting and
    Extortionate Extension and Collection of Credit

Between April 2010 and December 2010, the defendant and co-defendant John Porcello, an associate of the Genovese crime family, conducted an illegal gambling business, as part of which customers placed bets on sporting events. Relatedly, the defendant arranged for Porcello to lend $4,000 to a cooperating witness who was supposed to direct customers to a website used by the defendant and Porcello to receive bets.

<u>Nachamie</u> factor 1 supports denial of the motion as to this racketeering act because the number of co-conspirators is small. Factor 2 supports denial because the duration of the alleged conspiracy was brief and its breadth was limited. Factor 3 supports denial because the government has provided adequate notice of the particulars in the form of consensual recordings in which the defendant and Porcello discuss gambling and the extension of credit with the cooperating witness. Factor 4 supports denial because the volume of this pretrial disclosure is small, and factors 5 and 6 support denial because, for the reasons set forth above, identifying additional co-conspirators

9

(if any) would place them in grave danger and would potentially harm the government's investigation.

\*   \*   \*

In addition to the Nachamie factors, courts may consider the relative complexity of the charges. As this Court has explained:

> Certain charges, such as [] fraud charges . . ., by their nature carry a greater potential for causing unfair surprise at trial due to their complexity. See, e.g., [United States v. Solomonyan, 452 F. Supp. 2d 334, 350 (S.D.N.Y. 2006)] (noting that defendants in case involving arms trafficking conspiracies that are not "complex" do not need to identify unnamed co-conspirators "in order to piece together the nature of the charges against them" in the same way as might "defendants in an intricate fraud conspiracy"); see also United States v. Patterson, 02 CR 283, 2002 WL 31890950, at *10 (S.D.N.Y. Dec. 27, 2002) (denying bill of particulars where indictment charged a "straightforward . . . marijuana distribution scheme" over a period of approximately six months as opposed to a more complex conspiracy). Where, as here, the acts which form the basis of the charges may outwardly appear to be legitimate business communications, there is a greater potential for confusion over what precisely the government intends to prove at trial and a concomitant greater need to identify with some particularity the "others" who are referred to in the Indictment so that defendants can adequately prepare for trial.

Kahale, 789 F. Supp. 2d at 373. The charges in this case -- murder, extortion and gambling -- are not complex in the sense contemplated by this Court in Kahale, and there is no possibility that these crimes will be confused with similar-but-legitimate activities. Therefore, unlike in Kahale, there is no potential for confusion in the present case as to what precisely the government intends to prove at trial.

10

CONCLUSION

        A bill of particulars is not appropriate unless the indictment is too vague to inform the defendant of the nature of the charges to allow the preparation of a defense, avoid unfair surprise, and preclude double jeopardy. <u>United States v. GAF Corp.</u>, 928 F.2d 1253, 1260 (2d Cir. 1991); <u>United States v. Torres</u>, 901 F.2d 205, 234 (2d Cir. 1990) (bill of particulars required "only where the charges of the indictment are so general that they do not advise the defendant of the specific acts of which he is accused" (citations and quotation marks omitted)). Notably, and as this Court has observed, "although knowing the identity of unindicted co-conspirators might be useful to the defense, the question is not whether the information would be useful to the defense, but rather whether it is necessary." <u>Barret</u>, 2011 WL 5579079, at *17 (citations and quotation marks omitted).  In light of these principles, and consistent with the <u>Nachamie</u> factors, a bill of particulars as to the defendant's co-conspirators is not warranted in this case, and, for the reasons set forth above and in the Memorandum of Law filed by the government on January 10, 2012, the defendant's motion for a bill of particulars should be denied.

                                  Respectfully submitted,

                                  LORETTA E. LYNCH
                                UNITED STATES ATTORNEY

By:        /s/
                                Elizabeth A. Geddes
                                Allon Lifshitz
                                Assistant U.S. Attorneys
                                (718) 254-6430/6164

cc:  Clerk of Court (KAM) (by ECF)
     Gerald J. McMahon, Esq. (by email)
     Vincent J. Romano, Esq. (by email)