```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------X
UNITED STATES OF AMERICA,

                Plaintiff,                **ORDER AMENDING JUDGMENT**

                                          11-CR-31(KAM)
        -against-


NEIL MESSINA,

                Defendant.
----------------------------X
```

**MATSUMOTO, United States District Judge**:

During defendant's sentencing on April 4, 2014, the court directed the government to determine if the family of Joseph Pistone, Jr., who was shot and killed during the course of an armed robbery that defendant conspired to commit, would file a claim for restitution in this case. (ECF No. 298, Judgment, 4/9/14.) The government submitted a letter on May 1, 2014, in which it stated that the family of Mr. Pistone was seeking restitution and attached supporting documentation. (ECF No. 306, Letter Regarding Restitution ("Gov. Let."), 5/1/14.) Mr. Messina submitted a response on May 5, 2014 objecting to the inclusion of lost income in any restitution order but did not otherwise object to the restitution claim. (ECF No. 309, Letter Addressing Restitution Order ("Def. Let."), 5/5/14.) For the reasons provided below, the court finds that the Judgment should

1

be amended to include a restitution award in the amount of $120,611.30.

## I. Restitution Statute

Mr. Messina does not object to the government's methodology or calculations but does object to the government's inclusion of lost income in calculating restitution. Mr. Messina claims that the text of the 18 U.S.C. § 3663A(b)(3) only authorizes "the cost of necessary funeral and related services." 18 U.S.C. § 3663A(b)(3); *see also* Def. Let.

Mr. Messina misreads the relevant statute. The full text of 18 U.S.C. § 3663A(b)(2)-(4) provides that a restitution order shall require the defendant

> (2) in the case of an offense resulting in bodily injury to a victim--
>   (A) pay an amount equal to the cost of necessary medical and related professional services and devices relating to physical, psychiatric, and psychological care, including nonmedical care and treatment rendered in accordance with a method of healing recognized by the law of the place of treatment;
>   (B) pay an amount equal to the cost of necessary physical and occupational therapy and rehabilitation; and
>   (C) reimburse the victim for income lost by such victim as a result of such offense;
> (3) in the case of an offense resulting in bodily injury that results in the death of the victim, pay an amount equal to the cost of necessary funeral and related services; and
> (4) in any case, reimburse the victim for lost income and necessary child care, transportation, and other expenses incurred during participation in the investigation or prosecution of the offense or attendance at proceedings related to

the offense.

>18 U.S.C. § 3663A(b)(2)-(4).

When read as a whole, the statute clearly provides that, in the case of an offense resulting in bodily injury to the victim, restitution includes "income lost by such victim as a result of such offense," *and* "necessary funeral and related services" if the victim died as a result of the bodily injury. *Id.; see also United States v. Oslund*, 453 F.3d 1048, 1063 (8th Cir.) ("[T]he [restitution] statute plainly states that a victim can recover income that is lost due to a crime causing bodily injury, and if that victim dies, then the estate can recover in the victim's place. Because future income is income that is lost to the victim as a direct result of the crime, the plain language of the statute leads to the conclusion that lost future income can be included in a restitution order."), *cert. denied*, 549 U.S. 1088 (2006); *United States v. Palermo*, No. 99 CR 1199, 2010 U.S. Dist. LEXIS 33240, at *2 (S.D.N.Y. Mar. 23, 2010) (stating that "18 U.S.C. § 3663A . . . provides for, *inter alia*, reimbursement for lost income, *id.* § 3663A(b)(2)(C), *and* funeral and related services, *id.* § 3663A(b)(3)" in discussing calculation of a murder victim's lost income for restitution) (emphasis added).[1]

---

[1] "In the case of a victim who is . . . deceased, the legal guardian of the victim or representative of the victim's estate, another family member, or any other person appointed as suitable by the court, may assume the victim's

3

Accordingly, the court will include lost income in calculating restitution as it is authorized by 18 U.S.C. § 3663A.

**II. Restitution Calculations**

The government calculated defendant's restitution by adding together funeral expenses, burial expenses, the cost for the family to order a court transcript, and extrapolating the estimated lost income by Mr. Pistone from 1992 to 2013 based on his average annual income from 1989 through 1991, the three years preceding his murder. (Gov. Let. at 1-3.) The government's approach does not include inflation or the likelihood that Mr. Pistone, who was 25 when he was murdered, would probably have earned more money in his thirties and forties than in his early twenties.

The government has submitted an affidavit from Veronica Molinari, Mr. Pistone's sister, stating that the family incurred $5,225 in funeral expenses, $2,990 in burial expenses, and $72 in ordering a court transcript. (Gov. Let. at Exhibit ("Ex.") A.) The government has also submitted a record provided to the Pistone family by the Internal Revenue Service reflecting Mr. Pistone's income for the years 1984 to 1992. (*Id.* at Ex. B.) The government calculated Mr. Pistone's average annual income for the time period 1988-1991 to be $5,749.58. (*Id.* at

---

rights under this section." 18 U.S.C. § 3663A(a)(2).

4

p. 3.)  If Mr. Pistone had earned that average amount each year from 1992 to 2013, his total income during the time period would have been $126,490.98, according to the government.  Adding Mr. Pistone's lost income to the amount claimed in the Affidavit of Loss yields a total restitution award of $134,777.98.[2]

The court agrees with the government's calculation of funeral expenses, burial expenses and the court transcript.  The court also agrees with the government's methodology for extrapolating Mr. Pistone's lost income.  Upon review of the IRS record, however, the court finds that the government appears to have mistakenly calculated the average sum for the years 1987, 1988, and 1989, *not* 1989, 1990, and 1991, which are the three years preceding Mr. Pistone's death.  (Gov. Let. at Ex. B.) While the average sum for the years 1987-1989 is $5,749.58, the average sum for the years 1989-1991 is $5,105.65.  When $5,105.65 is multiplied by 22, the number of years from 1992 through 2013, the total amount of lost income for that time period is $112,324.30.

Consequently, the court finds that the total amount of restitution to the family of Mr. Pistone should be $112,324.30,

---

[2] The government has also included documentation showing that Maria Bloch, another sister of Mr. Pistone, spent $1,780 in 2010 to purchase an alarm system and has spent $143.85 each quarter to maintain the system.  (Gov. Let. at 3 n.1 & Ex. C.)  The court, however, finds that this sum should not be included pursuant to 18 U.S.C. § 3663A.

5

the amount of lost income, added to $8,287.00, the cost of funeral expenses, burial expenses and the court transcript. The total amount of restitution should thus be $120,611.30.

The clerk of court is hereby ordered to amend Mr. Messina's Judgment to include a restitution award in the amount of $120,611.30. This amount is due immediately and shall be paid to the clerk of court at the rate of $25 a month while defendant is in custody and at a minimum rate of 25 percent of defendant's monthly income after deductions required by law after his release. The clerk of court will forward the payments to Veronica Molinari, Mr. Pistone's sister, on behalf of Mr. Pistone's family.

**SO ORDERED.**

Dated: May 21, 2014
      Brooklyn, New York

                                              /s/
                                        Kiyo A. Matsumoto
                                        United States District Judge
                                        Eastern District of New York